G. Kenneth Nichols, Appellant *v.* City of Corry, Appellee.

Argued May 5, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Lawrence L. Kinter, Hanes, Lucht, Kinter, Williams and Ungerman,* for appellant.

*Douglas D. Rozelle,* City Solicitor, for appellee.

OPINION BY JUDGE MENCER, July 25, 1980:

G. Kenneth Nichols (appellant) appeals from an order of the Court of Common Pleas of Erie County which determined that he was ineligible for retirement from the Corry police force under the pension ordinances of the City of Corry.

Appellant filed a petition for declaratory judgment with the lower court after the Corry City Council refused to declare him eligible for pension benefits upon the completion of 20 years of service. In the petition, he requested that the Court declare (1) that the mandate of Ordinance No. 1137 of the City of Corry, which at the relevant time required retirement after 20 years of service for all officers between the ages of 35 and 65 at the date of enactment of the ordinance, is unconstitutionally discriminatory or (2) that Ordinance No. 1232 of the City of Corry, amending Ordinance 1137 to make retirement after 20 years of service optional rather than mandatory, either includes Nichols or is void as special legislation. The hearing judge denied the petition, and exceptions were filed. These exceptions were unanimously dismissed by the lower court en banc. This appeal followed.

Appellant argues principally that the lower court erred in excluding evidence of the intent of Corry council members as to their interpretation of the pension ordinances and as to their motivation in passing the ordinance amendment. We disagree.

It has long been settled, as a corollary to the rule that legislators are generally immune from suit,[1] that

---

[1] *See, e.g., Tenney v. Brandhove,* 341 U.S. 367 (1951).

members of a legislative body are not subject to inquiry incident to any challenge of its legislation. In explaining the policy behind this immunity, the Supreme Court of Pennsylvania said, in *Klauder v. Cox*, 295 Pa. 323, 329, 145 A. 290, 291:

> There should be absolute freedom to act in legislative matters, so that vigorous action may be taken when necessary, for the public welfare, *without fear of being called on for vindication or explanation,* leaving to the courts the function of determining whether such acts transgress the fundamental law. (Emphasis added.)

*See also* 22 A.L.R. 125 (1923) and cases cited therein; 72 Am. Jur. *States, Territories, and Dependencies* §55 (1974). In view of this longstanding policy, we must conclude that the lower court properly excluded testimony of the council members as to their intent in passing the pension ordinances.

Insofar as Nichols contends that he is eligible for retirement or, alternatively, that the pension ordinances are invalid, we are satisfied that the thorough and able opinion of President Judge CARNEY, filed October 5, 1978 at No. 4261 A 1976, adequately and correctly addresses those contentions.

Order affirmed.

ORDER

Now, this 25th day of July, 1980, the order of the Court of Common Pleas of Erie County, dated May 3, 1979, dismissing G. Kenneth Nichols' exceptions to that court's decree dated October 5, 1978 and directing the Prothonotary of Erie County to enter judgment in conformance with that decree, is hereby affirmed.