Pheasant Run Civic Organization et al. v. Board of Commissioners of Penn Township and Leybold-Heraeus, Inc., a corporation.

Pheasant Run Civic Organization, Gary W. Campbell, Carroll E. Griser and Thomas J. Harper, Appellants.

Argued May 4, 1981, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Templeton Smith, Jr.,* with him *Edward C. Schmidt, Rose, Schmidt, Dixon, Hasley, Whyte & Hardesty,* for appellants.

*Robert J. Milie,* with him *Leslie J. Mlakar,* for appellee, Commissioners of Penn Township Zoning Hearing Board.

*John D. Finnegan,* for appellee, Leybold-Heraeus Vacuum Products, Inc.

OPINION BY JUDGE CRAIG, June 25, 1981:

Pheasant Run Civic Organization and several individuals (objectors) appeal an order of the Court of Common Pleas of Westmoreland County which affirmed a decision of the Zoning Hearing Board of Penn Township (board) which the objectors have opposed.

In early 1979, appellee Leybold-Heraeus Vacuum Products, Inc. (landowner) filed a zoning amendment petition, requesting the rezoning of a 25.07 acre tract of land it owned from M-1 (Light Industrial) to M-2 (Heavy Industrial). The request did not specify any proposed use for the property, but only proposed use of the tract for "permitted uses under the M-2 zoning classification."

After several hearings, the Penn Township Board of Commissioners (commissioners) adopted the requested zoning ordinance amendment on March 12, 1979. The objectors filed an appeal to the board on April 10, alleging that the amendment was *substantively*[1] invalid; no attack upon the enactment procedure was raised. In a letter attached to the appeal, the objectors' counsel specified that the appeal was taken pursuant to Section 1005 of the Pennsylvania Municipalities Planning Code (MPC), 53 P.S. §11005,[2] and requested a hearing.

Section 1005, titled "Validity of ordinance; substantive questions; appeals by person aggrieved" states in part:

---

[1] The appellants specified as reasons for their claim that the amendment:

(a) permits the construction of heavy industrial facilities on the Leybold property and, thus, condones a significant and needless deterioration of the pure air and water found in the Pheasant Run area. The Ordinance is therefore arbitrary and capricious and constitutes a threat to the health, safety, welfare and morals of the community;

(b) creates a heavy industrial zone close to an R-1 residential zone and is, thus, contrary to principles of sound planning, arbitrary and capricious, and a threat to the health, safety, welfare and morals of the community;

(c) is in direct conflict with the Statement of Community Development Objectives set forth in the Comprehensive Plan for Penn Township adopted in 1977, and is, thus, arbitrary, capricious and a threat to the health, safety, welfare and morals of the community.

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11005.

Persons aggrieved by a use or development permitted on the land of another by an ordinance or map or any provision thereof who desire to challenge its validity on substantive grounds shall first submit their challenge to the zoning hearing board for a report thereon under Section 910. . . .

The board upheld the commissioners' adoption of the ordinance in its decision of August 1, 1979.

The objectors' appeal to common pleas court, also taken under Section 1005, followed. After careful consideration of all the objectors' challenges, the court based its decision to dismiss the appeal on its conclusion that the board had not committed an abuse of discretion or an error of law in affirming the commissioners' action.

The current appeal rests on the same grounds as those advanced below. However, because we conclude that the procedure followed by the objectors was jurisdictionally infirm, we must dismiss the appeal without reaching the merits.

When the board of commissioners, as a governing body, acted upon the rezoning application, it was acting in its legislative capacity. *McCandless Township v. Beho Development Corp.,* 16 Pa. Commonwealth Ct. 448, 452, 332 A.2d 848, 851 (1975). Thus, because courts have no power to interfere with that strictly legislative process, *Greensburg Planning Commission v. Cabin Hill, Inc.,* 19 Pa. Commonwealth Ct. 324, 339 A.2d 594 (1975), the commissioners' determination to grant or deny the application is not subject to direct judicial review. *See Ryan, Pennsylvania Zoning Law and Practice* §9.6.1 (1979).

A necessary precondition to the substantive challenge of an ordinance is the existence of a specific use to which the property is sought to be developed; an objector may not bring a substantive validity chal-

lenge against an ordinance amendment where the landowner has not applied for a specific use and the zoning officer has not issued a use or occupancy permit for the property. *Northampton Residents Association v. Northampton Township Board of Supervisors*, 14 Pa. Commonwealth Ct. 515, 322 A.2d 787 (1974); *Gerstley v. Cheltenham Township Commissioners*, 7 Pa. Commonwealth Ct. 409, 299 A.2d 657 (1973).

The terms of Section 1005 of the MPC support the conclusion stated; the "person" attempting the challenge must be "aggrieved by a *use or development permitted* on the land of another...."

Where, as here, there is no application for a specific use and no use or occupancy permits are issued under the amendment before the date of the objectors' appeal, the appeal from the commissioners' action granting the rezoning application is ineffective.[3] Neither the board, the court below nor this court have jurisdiction because there is no case or controversy ripe for judicial intervention. *Gerstley, supra.*

Accordingly, the appeal is quashed.[4]

### ORDER

AND Now, June 25, 1981, the appeal is quashed.

---

[3] Only an attack upon the procedure of enactment, under MPC §1003, 53 P.S. §11003, may be pursued in the abstract; no enactment procedure issue is involved here.

[4] We note that counsel for the landowner and board did not raise lack of jurisdiction before the court below as they do now in an alternate argument before us. Although that fact may explain the common pleas court's failure to dismiss on that ground, it does not bar us from doing so. A court has the duty to raise, sua sponte if necessary, the issue of its power to hear an action, and the parties may not confer jurisdiction over a cause of action or the subject matter of an action by consent or agreement. *Lashe v. Northern York School District*, 52 Pa. Commonwealth Ct. 541, 417 A.2d 260 (1980).