**EAST LAMPETER TOWNSHIP**

v.

**COUNTY OF LANCASTER, Lancaster County Human Relations Commission and Albert C. Hondares, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1999.

Decided Jan. 12, 2000.

Christina L. Hausner, Lancaster, for appellants.

Elizabeth A. Hambrick-Stowe, Lancaster, for appellee.

Before COLINS, J., FRIEDMAN, J., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

The County of Lancaster (County), the Lancaster County Human Relations Commission (Commission) and Albert C. Hondares (collectively, Appellants) appeal from an order of the Court of Common Pleas of Lancaster County (trial court) denying Appellants' motion for summary judgment and granting summary judgment, declaratory and injunctive relief in favor of East Lampeter Township (Township). The issue raised is whether the Commission has jurisdiction to consider a complaint filed by Hondares following the Township's denial of his 1992 petition to rezone a tract of property. In his complaint, Hondares alleges discrimination based on national origin. We affirm the trial court's holding that the Commission lacks such jurisdiction.

In 1986, Hondares and his wife acquired by one deed two contiguous tracts of land in the Township. At the time of purchase, both tracts were zoned C–1 (commercial), and Hondares has used the front tract to operate a retail store. In May of 1990, the Township adopted a Revised Zoning Ordinance (RZO) and underwent a comprehensive Township-wide rezoning. Under the RZO, Hondares' rear tract, then vacant, was rezoned R (rural), but the front tract remained commercial.

Hondares filed no substantive or procedural validity challenge to the RZO, nor did he institute curative amendment proceedings. Rather, in 1992, pursuant to section 609 of the Pennsylvania Municipalities Planning Code (MPC)[1] and section

1. Act of July 3, 1968, P.L. 805, *as amended*, 53 P.S. § 10609.

909.1(b)(5) of the MPC,[2] Hondares petitioned the Township Board of Supervisors to rezone the rear tract of his property from rural back to commercial. (R.R. at 98a.) Following a hearing, the Township Board of Supervisors denied the petition to rezone. Hondares did not appeal that denial; further, Hondares has not applied for, or been denied, any permits or approvals from the Township in connection with the commercial use of any portion of the property, and he has not been cited for any violation of Township ordinances with respect to the current residential use of the rear tract of the property.[3]

However, on June 9, 1993, Hondares filed a complaint with the Commission[4] (Hondares Complaint) alleging that the Township's actions with respect to the zoning of his property amounted to "unfair zoning" and constituted discrimination in the area of housing/public accommodation based on his national origin. (R.R. at 94a–97a.) Specifically, the Hondares Complaint alleged:

1. Complainant alleges that the Board of Supervisors of East Lampeter Twp. have continuously denied his requests to rezone his property to Commercial (C–1) from Rural (R) effectively preventing him from expanding his retail business.

2. Complainant alleges that his property was zoned Rural from Commercial in 1990 without his being properly informed.

3. Complainant alleges he purchased property in 1986 and that his property was zoned Commercial for at least 30 years prior to his moving there.

4. Complainant alleges he lives on his property and has a commercial retail business under the name of "Bird–In–Hand Junction" which is a crafts and souvenir store.

5. Complainant alleges his property is under one deed, but consists of two tracts of land.

6. Complainant alleges that when he applied for the rezoning of his property back to c–1 from rural, several signs were posted on the property. When his property was rezoned from c–1 to rural in 1990, allegedly without informing him, no signs were posted on his property.

7. Complainant alleges that his neighbor, Mr. George C. Desmond, who also has two tracts of land on one deed, did not have his property rezoned to rural. Mr. Desmond is white.

8. Complainant alleges he is the only minority business owner in the area and believes his property was rezoned to rural to prevent him from expanding his business.

9. Complainant alleges that he was told by a Township Supervisor that the property was zoned rural for farmland preservation. Complainant alleges that this portion of his property is approximately

**2.** Added by section 87 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10909.1(b)(5).

**3.** Sometime between the adoption of the RZO and Hondares' filing of his petition to rezone in September 1992, Hondares applied for, and received, a permit to place a single-family mobile home on the rear tract, a permitted use in a rural district.

**4.** In an effort to foster the civil rights protected by state and federal law, the County adopted Lancaster County Ordinance No. 30 (Ordinance No. 30) pursuant to section 962.1 of the Pennsylvania Human Relations Act (PHRA), Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. § 962.1, which confers on the legislative body of a political subdivision the power to establish a local human relations commission. Lancaster County established the Commission in August of 1991 via Ordinance No. 30, and, thereunder, the Commission declared unlawful certain employment, housing, educational, public accommodation and real estate practices. (*See* R.R. at 20a–49a.) Section 3 of Ordinance No. 30 parallels provisions in the PHRA by recognizing an individual's right to obtain housing/accommodations and commercial property without discrimination. Section 9 of Ordinance No. 30, like its state counterpart, defines unlawful housing practices as including denial or withholding of commercial property from any person due to national origin. *See* sections 953 and 955(h)(1) of the PHRA, 43 P.S. §§ 953 and 955(h)(1).

$^3/_{10}$ of an acre, which would not be suitable for farming.

10. Complainant alleges he has gone through all of the processes available to have his property rezoned to C–1.

(Hondares Complaint, ¶¶ 1–10, R.R. at 94a–96a.) As a remedy, Hondares requested that his property be returned to C–1 zoning, that application costs and attorney's fees be reimbursed and that the cost of rezoning to C–1 be waived. (R.R. at 95a.)

The Township filed a motion seeking to have the Commission dismiss the Hondares Complaint for lack of jurisdiction; however, on October 3, 1996, the Commission denied the Township's motion to dismiss, holding that the Commission had authority to determine the validity of a challenge to its jurisdiction, that the Commission had exclusive jurisdiction to remedy violations of alleged discrimination and that the Commission had jurisdiction over the Hondares Complaint by virtue of Lancaster County Ordinance No. 30 (Ordinance No. 30), as applied in section 4.9(b)(2) of the Commission's Rules and Regulations of Administrative Practice (Regulations).[5] (R.R. at 52a–55a.)

On October 22, 1996, before the Commission held any hearing on the merits of the Hondares Complaint, the Township filed a complaint in equity and petition for injunctive relief and declaratory judgment (Township Complaint) with the trial court, seeking a declaration and adjudication of the rights and duties of the parties under Ordinance No. 30 and section 4.9 of the Regulations promulgated by the Commission. Specifically, in Count I of the Township Complaint, the Township sought declaratory relief through a judicial deter-

mination: (1) that the Commission's Regulations are invalid as applied to actions under the MPC; (2) that section 4.9 of the Regulations exceeds the County's delegation of authority to the Commission; and (3) that the proceedings before the Commission with respect to the Hondares Complaint are void. In Count II of the Township Complaint, the Township sought injunctive relief (1) restraining the Commission from proceeding on the Hondares Complaint under the authority of Ordinance No. 30 and section 4.9 of the Regulations and (2) directing the Commission to dismiss the Hondares Complaint for lack of jurisdiction. (R.R. at 10a–18a.)

Hondares and the Commission filed preliminary objections to the Township Complaint in separate pleadings, both alleging that the trial court lacked jurisdiction because: (1) the Commission had not yet filed a final order; (2) the Hondares Complaint was still pending before the Commission; and (3) the Township was attempting an improper appeal of the Commission's October 3, 1996 order denying the Township's motion to dismiss the Hondares Complaint. (R.R. at 56a–57a; 61a–62a). On January 17, 1997, the trial court granted Appellants' preliminary objections without providing reasons for its decision. (R.R. at 64a.) On March 7, 1997, the trial court denied the Township's application for a stay or injunction pending appeal and set forth its reasons in an accompanying opinion.

The Township then appealed to this court, and, on April 3, 1997, Judge Doyle granted the Township's application for a stay or injunction pending appeal, enjoining all further proceedings by the Commis-

---

**5.** Section 4.9(b)(2) of the Regulations, which is relevant here, provides:
> (b) Activity by such governmental unit of the County of Lancaster which is prohibited when based upon a ... person's protected class includes:
>
> (2) ... consideration of the protected class of a person in the development or

application of zoning and building codes, occupancy requirements, land use plans, comprehensive plans or long range plans. (R.R. at 50a–51a.)

sion until the substantive issue in the case was addressed and disposed of by a future Commonwealth Court order. (R.R. at 67a–68a.) Subsequently, in *East Lampeter Township v. County of Lancaster,* 696 A.2d 884 (Pa.Cmwlth.1997), this court reversed the trial court's January 17, 1997 order granting Appellants' preliminary objections, (R.R. at 67a–79a), and Appellants filed their answer to the Township Complaint. (R.R. at 80a–83a.)

 On August 14, 1998, Appellants filed a motion for summary judgment, (R.R. at 86a–88a), and the Township filed its summary judgment motion on September 18, 1998. (R.R. at 131a–37a.) After considering the cross-motions for summary judgment, the trial court held that any review of the Hondares Complaint by the Commission would violate the separation of powers doctrine as an undue intrusion into the legislative functions of elected municipal officials. Accordingly, the trial court issued its order which: (1) denies Appellants' motion for summary judgment; (2) grants the Township's motion for summary judgment; (3) declares section 4.9 of the Regulations invalid as applied to actions under the MPC;[6] (4) enjoins proceedings by the Commission on the Hondares Complaint; and (5) directs the Commission to dismiss the Hondares Complaint for lack of jurisdiction. Appel-

lants now appeal to this court from that order.[7]

Appellants argue that the trial court erred in determining that the Commission lacked jurisdiction to review the Hondares Complaint. To the contrary, Appellants assert that, because they alleged that the Township's denial of Hondares' petition to rezone was made with discriminatory motive and had discriminatory effect, the Commission is authorized to review Hondares' claim notwithstanding the doctrine of separation of powers. In essence, Appellants contend that this is first and foremost a discrimination case, thereby giving the Commission authority, pursuant to the Pennsylvania Human Relations Act, Ordinance No. 30 and the Regulations promulgated thereunder, to review and determine Hondares' claim without violating the separation of powers doctrine.

On the other hand, the Township contends that, under the doctrine of separation of powers, the Township's denial of Hondares' petition to rezone, which is actually a decision not to legislate, is not subject to quasi-judicial review by a local administrative body such as the Commission.

 Before considering these arguments, however, we must point out our confusion with respect to this case. Here, Appellants assert that the Hondares Com-

---

6. Because a court may only decide the issue before it, we understand this portion of the trial court's order to mean that section 4.9 of the Regulations is invalid as applied to this particular action under the MPC.

7. Our scope of review of a trial court's grant of summary judgment is limited to determining whether the trial court made an error of law or abused its discretion. *Gordon v. Lewistown Hospital,* 714 A.2d 539 (Pa.Cmwlth. 1998), *appeal denied,* 558 Pa. 623, 737 A.2d 744, (1999). A court may grant a motion for summary judgment only where the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. Nos. 1035.1 and 1035.2; *Marks v. Tasman,* 527 Pa. 132, 589

A.2d 205 (1991). When considering a motion for summary judgment, a court must view the record in the light most favorable to the nonmoving party, construing all reasonable inferences in its favor and resolving all doubts as to the existence of a genuine issue of material fact against the moving party. *Morning Call, Inc. v. Board of School Directors of Southern Lehigh School District,* 164 Pa.Cmwlth. 263, 642 A.2d 619, *appeal denied,* 539 Pa. 698, 653 A.2d 1235 (1994). The moving party has the burden of proving the nonexistence of any genuine issue of material fact. *Allen v. Mellinger,* 156 Pa.Cmwlth. 113, 625 A.2d 1326 (1993), *appeal denied,* 537 Pa. 653, 644 A.2d 738 (1994). An entry of summary judgment may be granted only in cases where the moving party's right is clear and free from doubt. *Id.*

plaint alleges discrimination by the Township in denying Hondares' *1992 petition to rezone.* Although the Commission, the trial court and this court all appear to accept this assertion, (*see* Commission op. at 3, R.R. at 54a; trial ct. op. at 1–2, R.R. at 141a–42a; *East Lampeter* at 887, R.R. at 71a), even a brief reading of the Hondares Complaint reveals that this is not the case. With the exception of paragraph one,[8] the Hondares Complaint fails to even mention the 1992 petition to rezone. Indeed, paragraphs two, six, seven, eight, and nine of the Hondares Complaint all address the Township's *1990 zoning under the RZO,* despite the fact that the record makes it abundantly clear that Hondares does not challenge the 1990 rezoning under the RZO as discriminatory. (*See* R.R. at 90a, 107a, Appellants' brief at 24.) Understandably then, we are perplexed by the way the issue in this case has been framed. Nevertheless, because the parties seem to agree that the Hondares Complaint alleges discrimination in the denial of the 1992 petition to rezone, we will set aside our doubts and consider whether the Commission has jurisdiction to rule on the merits of Hondares' "claim." We agree with the Township that the Commissions lacks such jurisdiction.

■ When a governing body acts on a rezoning application, it acts in its legislative capacity. *Pheasant Run Civic Organization v. Board of Commissioners of Penn Township,* 60 Pa.Cmwlth. 216, 430 A.2d 1231 (1981). Indeed, section 909.1(b)(5) of the MPC expressly declares actions by a governing body on proposed amendments to land use ordinances to be legislative acts. 53 P.S. § 10909.1(b)(5). The case law with respect to appeals from such legislative actions clearly and consistently holds that, because courts have no power to interfere with that strictly legislative process, the determination to grant or deny a petition which is solely a request for rezoning is not subject to direct judicial review. *See, e.g., Baker v. Chartiers Township,* 163 Pa.Cmwlth. 574, 641 A.2d 688, *appeal denied,* 539 Pa. 655, 651 A.2d 542 (1994); *Sharp v. Zoning Hearing Board of the Township of Radnor,* 157 Pa.Cmwlth. 50, 628 A.2d 1223 (1993), *appeal denied,* 536 Pa. 629, 637 A.2d 290 (1993); *Association of Concerned Citizens of Butler Valley v. Butler Township Board of Supervisors,* 135 Pa.Cmwlth. 262, 580 A.2d 470 (1990); *Greensburg Planning Commission v. Cabin Hill, Inc.,* 19 Pa. Cmwlth. 324, 339 A.2d 594 (1975).

Further, section 601 of the MPC assigns the responsibility for enacting or refusing to enact zoning ordinances to the local legislative body, providing that "[t]he governing body of each municipality, in accordance with the conditions and procedures set forth in this act, *may* enact, amend and repeal zoning ordinances to implement comprehensive plans and to accomplish any of the purposes of this act." 53 P.S. § 10601 (emphasis added). Thus, in *Appeal of Merlino,* 19 Pa.Cmwlth. 143, 339 A.2d 642, 643–44 (1975) (emphasis added), this court held that we had no jurisdiction to entertain an appeal from a petition which was solely a request for rezoning,

---

**8.** In this paragraph, Hondares alleges only that the Township's denial of the petition to rezone effectively prevents him from expanding his retail business. However, as noted, Hondares has never sought to expand this business under applicable provisions of the MPC; since the petition to rezone was denied, he has not applied for any building permits, special exception, variance, conditional use, or other permit or approval under the RZO with respect to the rear portion of his property. A zoning challenge may not be considered in a vacuum. Thus, until a zoning ordi-

nance is actually applied to a landowner, such as when there is a denial or grant of a building permit, issuance of a notice of violation, or the denial of a petition for a curative amendment, the matter is not ripe for review. *Association of Concerned Citizens of Butler Valley v. Butler Township Board of Supervisors,* 135 Pa.Cmwlth. 262, 580 A.2d 470 (1990) (challenge to zoning amendment dismissed both because action of supervisors was legislative and because no building permits had been applied for or granted).

stating that, in addition to other remedies available under the MPC:[9]

> a landowner obviously still has the right to request the governing body of his municipality change its zoning ordinance to permit some desired usage, and the governing body, as a legislative prerogative, *may* grant such a request ... Where a landowner follows this course of action the matter is strictly a legislative process, and, as a citizen, he is in much the same position as he would be in asking the General Assembly to change a statute.

 Because local legislative bodies may act, or not act, as they believe proper, it is outside the province of either the judicial or executive branches to compel these legislative bodies to amend, or repeal and reenact, their zoning ordinances.[10]

9. Although landowners are unable to appeal from a governing body's refusal to rezone, they are not without a forum to present a valid claim. Landowners may properly seek a remedy under the MPC; for example, they may request a variance, and if unsuccessful, take an appeal to the court, or they may lodge a substantive validity challenge with a request for a curative amendment of the ordinance. Here, the Township argues that either of these avenues would have been the appropriate action for Hondares to contest the rezoning of his property.

On the other hand, Appellants argue that Hondares could not and should not have requested a curative amendment, variance, special exception or any other remedy specified by the MPC because his complaint relates to the denial of his 1992 petition to rezone, not the Township's 1990 action in redrawing zoning district boundaries. Appellants reason that because Hondares has not alleged that the RZO itself was discriminatory, a curative amendment would not be an appropriate vehicle for him to effect the zoning change requested. However, this argument is self-defeating. If Hondares does not object to the RZO as discriminatory, then it follows that the rezoning of his property to rural under the RZO likewise was not discriminatory. Logically then, if Hondares has no complaint with respect to the 1990 zoning of his tract as rural, the denial of his 1992 petition to rezone to commercial was not an act of discrimination which has caused him harm.

Similarly, Appellants contend that neither a variance nor a special exception would have been appropriate because Hondares does not request any use permitted by special exception, and, because Hondares has use of the land as zoned, he does not qualify for a variance to use the land in a way not permitted in the zoning district. Appellants assert that only through a petition to rezone could Hondares hope to have his property changed to commercial because, unlike a curative amendment which is appropriate to redress flaws in the ordinance itself, and unlike variances and special exceptions which constitute special permission to engage in a particular use, the petition to rezone changes the zoning classification of the land, enabling the landowner to utilize the property in accordance with the zoning classification he or she believes to be more appropriate. However, once again, Appellants' argument is flawed. *It is beyond question that zoning classifications are to be left to the discretion of the governing body,* in this case, the Township Board of Supervisors.

Clearly then, the whole theory of the Hondares Complaint is that, in denying the petition to rezone, the legislative body of the Township was improperly motivated. As such, the allegations in the Hondares Complaint present an issue over which the Commission lacks jurisdiction because any investigation or inquiry by the Commission into the motives of the municipal legislative officials in denying a petition to rezone under the MPC is an impermissible infringement into, and impairment of, the legislative process. Indeed, we have held that the courts have no authority to pass upon the motives of a legislative body in enacting a statute or an ordinance. *Nichols v. City of Corry,* 53 Pa. Cmwlth. 248, 417 A.2d 836 (1980), (citing *Klauder v. Cox,* 295 Pa. 323, 329, 145 A. 290, 291 (1929), for the rule that members of a legislative body are not subject to inquiry incident to any challenge of its legislation so that they may have absolute freedom to act in legislative matters for the public welfare, *without fear of being called on for vindication or explanation,* leaving to the courts the function of determining whether such acts transgress the fundamental law); *Appeal of Apgar from Decision of Board of Commissioners of Manheim Township,* 661 A.2d 445 (Pa. Cmwlth.1995) (holding that the state of mind of the legislative body in enacting a zoning ordinance is irrelevant to a determination of its validity; rather, the legislation must stand or fall on its own terms.) Because Hondares has never challenged the zoning of his property under the MPC, he has not positioned the matter for judicial review to stand or fall on its own terms.

10. Appellants maintain that the discrimination claim before the Commission is separate

Thus, an administrative agency, such as the Commission, lacks the authority to order a municipality to rezone, nor can it impose sanctions for failure to rezone as Appellants propose.[11] *See Merlino; Commonwealth v. County of Bucks,* 8 Pa. Cmwlth. 295, 302 A.2d 897 (1973), *cert. denied,* 414 U.S. 1130, 94 S.Ct. 869, 38 L.Ed.2d 754 (1974); *Clover Hill Farms, Inc. v. Lehigh Township Board of Supervisors,* 5 Pa.Cmwlth. 239, 289 A.2d 778 (1972) (holding that the refusal of a legislative body to exercise its power to rezone is not subject to review by any court, and property owners have no remedy when a township's governing body refuses to rezone).[12]

As the trial court noted, although Hondares could follow several avenues to challenge the zoning of his property, quasi-judicial review by the Commission is not one of them because the procedures set forth in the MPC constitute the exclusive mode for securing review of any decision rendered pursuant to that act.[13] *See* section 1001–A of the MPC, added by section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11001–A.

Accordingly, we affirm.[14]

## ORDER

AND NOW, this 12th day of January, 2000, the order of the Court of Common Pleas of Lancaster County, dated January 11, 1999, is hereby affirmed.

from the rezoning issue and can be isolated from any appeal of the petition to rezone heard by the Township. In this regard, Appellants attempt to distinguish the denial of the petition to rezone, which is unreviewable, from the alleged discrimination; however, because the alleged discriminatory act *is* the denial of the petition to rezone, the two cannot be separated.

11. According to Appellants, Hondares is seeking as an alternative remedy the difference between his property's worth as commercial, prior to rezoning under the RZO, and its value as currently zoned rural property. Thus, Appellants argue that the Commission's review does not necessarily nullify any legislative act denying the petition to rezone because, instead of granting relief in the form of an order compelling the Township to grant Hondares' rezoning request, the Commission could order money damages as a remedy. We note, however, that Hondares does not base his discrimination claim on the 1990 rezoning and, further, we point out Hondares' alternate relief appears to be a claim for just compensation for a taking of property, a matter properly brought pursuant to the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101—1–903. Most importantly, we recognize that whether Hondares asks for money or nullification of the zoning as his remedy, our reasoning does not change; for the Commission to award either would be an encroachment on the legislative function of elected officials. Where a governing body is authorized to make, or refuse to make, a particular legislative decision, neither the judicial nor executive branches can impose sanctions for the legislative decision made without unduly interfering with the legislative process. *See also First Judicial District of Pennsylvania v. Pennsylvania Human Relations Commission,* 556 Pa. 258, 727 A.2d 1110 (1999) (holding that the Pennsylvania Human Relations Commission lacks jurisdiction to investigate and adjudicate complaints filed against the judicial branch of government because interference in the operation of the courts is prohibited by the separation of powers doctrine, no matter how innocuous the involvement may seem).

12. Despite subsequent amendments to the MPC since *Clover Hill Farms* was decided, the rule remains unchanged—a rezoning petition, standing alone, is legislative and not appealable. *Greensburg.*

13. Again, we note that, although Hondares claims *not* to challenge the zoning of his property, that is precisely what he is attempting to do, improperly using the Hondares Complaint filed with the Commission to do an "end run" around the MPC. *See Gary D. Reihart, Inc. v. Township of Carroll,* 487 Pa. 461, 409 A.2d 1167 (1979); *Township of Concord v. Concord Ranch, Inc.,* 664 A.2d 640 (Pa. Cmwlth.1995)

14. Because of our disposition here, we need not address Appellants' other arguments.