631 A.2d 731

**Michael P. BAHOR, Appellant**

v.

**CITY OF PITTSBURGH and JBS Contracting, Inc.**

Commonwealth Court of Pennsylvania.

Argued June 17, 1993.

Decided Aug. 24, 1993.

Lee R. Golden, for appellant.

April L. Marchese, for appellee.

Before McGINLEY and KELLEY (P.), JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Michael P. Bahor (Bahor) appeals the grant by the Court of Common Pleas of Allegheny County of a Judgment N.O.V. in favor of the City of Pittsburgh (City) after a trial jury returned a verdict for Bahor in the amount of $6,500. We affirm.

This case of first impression began when the City of Pittsburgh purchased a parcel of land at Maple Avenue adjacent to Bahor's land and higher in elevation. The City hired JBS Contracting, Inc. (JBS) to raze a house on the land, backfill and regrade the land. Bahor's property flooded, damaging his retaining wall and carrying debris onto his property. Bahor originally filed an action against both the City and JBS. When JBS declared bankruptcy, Bahor severed his claim against JBS but continued his action against the City.

The court sent the case to a Board of Arbitration. After an attempt at settlement under the Special Master failed, the Master presided over the jury trial of the case. At the trial, Bahor voluntarily nonsuited four of his five causes of action alleged in his complaint, including general negligence, strict liability, trespass, nuisance and thereafter relied solely on the theory of negligence in violation of the Storm Water Management Act (SWMA), Act of October 4, 1978, P.L. 864, 32 P.S. §§ 680.1–680.17. The jury awarded Bahor $6,500 on his claim that the City's land alteration violated SWMA.

The City filed a post verdict motion for Judgment N.O.V., on the grounds that its conduct did not fall within the scope of activity under SWMA. The trial court, after conceding that SWMA alters to some extent the common law theory of negligence, granted the motion, holding that SWMA applies only to drainage associated with large-scale developing. The court held that neither the extent of the City's development

nor the amount of storm water running onto Bahor's land reached the magnitude required by SWMA.

Bahor appeals to this court, arguing that the trial court erred in overturning the jury's verdict.[1] The question before us is whether SWMA allows damages to the owner of a single parcel of land affected by increased water flow and runoff, however slight, but greater than that which existed before the actions of the developer and having no effect on the watershed as defined by SWMA. In essence, we must determine whether liability based on the common law theory of negligence, as argued by Bahor, is embraced and made a part of SWMA.[2]

SWMA generally regulates the use and development of land to protect against storm flooding. Section 15 of SWMA, 32 P.S. § 680.15, provides a party injured by conduct violative of Section 13 of SWMA, 32 P.S. § 680.13, with a means of redress by allowing the party to sue for an injunction or damages.

Bahor specifically bases his claim on Section 13, which provides:

§ 680.13 Duty of persons engaged in the development of land.

Any landowner and any person engaged in the alteration or development of land which may affect the storm water runoff characteristics shall implement such measures consistent with the provisions of the applicable watershed storm

1. The standard of review for an appellate court when called upon to review entry of judgment non obstante verdicto is that evidence be considered in the light most favorable to the verdict winner. *Moure v. Raeuchle*, 529 Pa. 394, 604 A.2d 1003 (1992).

2. Bahor also argued in his brief to this court that the trial court erred in not deciding on his motion for delay damages and costs filed after the original jury verdict. A court may grant damages for delay at the rate of six percent (6%) per annum if it determines that an appeal is frivolous or taken solely for delay or harassment purposes. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule. 210 Pa.Code § 2744. Because Bahor offered no evidence of any purposeful or bad faith delay tactics by the City, any failure to rule on this issue is harmless.

water plan[3] as are reasonably necessary to prevent injury to health, safety or other property. Such measures shall include such actions as are required:

(1) to assure that the maximum rate of storm water runoff is no greater than prior to development activities; or

(2) to manage the quantity, velocity and direction of resulting storm water runoff in a manner which otherwise adequately protects health and property from possible injury.

32 P.S. § 680.13.

Section 4 of SWMA clearly includes the City in its definition of "person." 32 P.S. § 680.4. Hence, the City is bound as is any other person to the Section 13 requirement that it implement measures to prevent injury to health, safety or property. Bahor showed that the City's alteration of the adjacent property increased the storm water runoff onto his land and caused damage. The alteration violated both Sections 13(1) and 13(2) because it increased the rate of runoff and failed to control the runoff in a manner which protected neighboring property. This evidence, offered with evidence of an applicable storm water management plan, might allow Bahor relief under Section 15.

The trial court held that SWMA applies to large-scale development, and the City's development was too small to fall within the scope of SWMA. Although Section 11 of SWMA cites as examples of major developments embodied in SWMA highways, transportation facilities and public utilities, these are only examples and not exclusive of SWMA's reach. Although we believe that the Legislature intended SWMA more to aid in the broader planning and management of watersheds than to regulate small-scale development activity, Section 13 clearly grants an aggrieved party a cause of action for even a slight increase in runoff caused by the razing of a single house and subsequent regarding of the property. As a judicial body, we may not impede the Legislature's power by interpreting SWMA in any way other than as the Legislature wrote it—to

---

**3.** Section 4 defines a watershed storm water plan as "[a] plan for storm water management adopted by a county in accordance with Section 5."

do so would be to engage in legislating, which is beyond the scope of judicial authority[4].

Read as a whole, SWMA regulates the effect of drainage on the adequacy of a storm water plan; this scope is narrower than common law principles, which apply to general issues of surface water drainage. Further, it places on a complainant seeking to invoke SWMA an obligation to introduce the applicable storm water management plan and any alleged violation thereof, under Sections 13 and 15 of SWMA[5].

■ The language used by the Legislature in Section 13 of SWMA is broad enough to embrace a negligence liability theory. Where, as here, property was damaged by the City's development activity, Bahor still was required to offer evidence of a SWMA plan and the City's violation of it. With no evidence of a storm water management plan in the record, this court cannot rule on whether the City violated Section 13 of SWMA. While we reverse the trial court's ruling that SWMA does not apply to the City's activity, we uphold Judgment N.O.V. on the grounds that Bahor failed to introduce evidence of an applicable watershed storm water plan.[6] The trial court

4. A fundamental dictate of the separation of powers doctrine is that the court must exercise restraint in its involvement and interference in the legislative process. *Pheasant Run Civic Organization v. Board of Commissioners of Penn Township,* 60 Pa.Commonwealth Ct. 216, 430 A.2d 1231 (1981); *Jones v. Packel,* 20 Pa.Commonwealth Ct. 606, 342 A.2d 434 (1975); and *Commonwealth v. Bucks County,* 8 Pa.Commonwealth Ct. 295, 302 A.2d 897 (1973).

5. In general, the party maintaining the existence of certain facts bears the burden of proving those facts. *Barrett v. Otis Elevator Co.,* 431 Pa. 446, 246 A.2d 668 (1968); *Wingert v. State Employes' Retirement Board,* 138 Pa.Commonwealth Ct. 43, 589 A.2d 269 (1991). The burden to produce evidence or prove the complainant's allegations may shift to the other party where that party has peculiar means of knowledge to the particular facts in issue. *Hepps v. Philadelphia Newspapers, Inc.,* 506 Pa. 304, 485 A.2d 374 (1984). *See also Beckert v. Warren,* 497 Pa. 137, 439 A.2d 638 (1981); *Corabi v. Curtis Publishing Co.,* 441 Pa. 432, 273 A.2d 899 (1971). Here, the City is clearly in a better position to know of an applicable storm water management plan; however, without so much as an allegation by Bahor that such a plan existed, the City did not act wrongly in not offering evidence of such plan.

6. A decision of the trial court may be affirmed on appeal when the result is correct although the ground relied upon by the trial court for

correctly declined to grant damages and ruled in favor of the City.

Accordingly, we affirm the trial court grant of a Judgment N.O.V. to the City of Pittsburgh.

## *ORDER*

AND NOW, this 24th day of August, 1993, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

PELLEGRINI, J., did not participate in the decision in this case.

McGINLEY, Judge, concurring.

I agree with the majority's conclusion that the trial court "correctly declined to grant damages and ruled in favor of the City." I cannot agree, however, that the SWMA applies to the City's activity of razing a single house and the regrading of a lot.

Section 11 of the SWMA, 32 P.S. § 680.11, provides:

§ 680.11. Effect of watershed storm water plans

(a) After adoption and approval of a watershed storm water plan in accordance with this act, the location, design and construction within the watershed of *storm water management systems, obstructions, flood control projects, subdivisions and major land developments, highways and transportation facilities, facilities for the provisions of public utility services and facilities owned or financed in whole or in part by funds from the Commonwealth* shall be conducted in a manner consistent with the watershed storm water plan. (Emphasis added.)

The trial court determined that the SWMA applies to larger developments than single lots. The trial court stated:

its decision is incorrect. *City of Philadelphia v. Pennrose Management Co.,* 142 Pa.Commonwealth Ct. 627, 598 A.2d 105, (1991) *appeal denied,* 530 Pa. 661, 609 A.2d 169 (1992).

The legislature also recognized the need for uniformity in dealing with the drainage concerns associated with large scale developments. The enactment of the SWMA was the legislature's response to this need. This statute changed the common law but only with regard to activities within its scope. The activities herein complained of do not fall within the contemplation of this legislation. Consequently, the SWMA was an improper ground upon which to rest liability.

*Bahor v. City of Pittsburgh*, No. GD 89–14585, Civil Division, filed December 10, 1992, at 12.

I believe that the trial court properly concluded that under the present facts the City's activities do not fall under the SWMA.

KELLEY, J., joins in this concurring opinion.