Furnley H. FRISCH, Appellant,

v.

PENN TOWNSHIP, PERRY COUNTY.

PENN TOWNSHIP

v.

Furnley H. FRISCH, Appellant.

Commonwealth Court of Pennsylvania.

Argued April 7, 1995.
Decided Aug. 9, 1995.
Reargument Denied Sept. 15, 1995.

Kenneth A. Wise, for appellant.

P. Richard Wagner, for appellee.

Before SMITH and FRIEDMAN, JJ., and KELTON, Senior Judge.

SMITH, Judge.

Before this Court are the consolidated appeals of Furnley H. Frisch (Frisch) from an order of the Court of Common Pleas of Perry County denying Frisch's post-trial motions and making final its April 7, 1993 order that (1) dismissed Frisch's mandamus action seeking to compel Penn Township (Township) to reopen Barnett Drive and (2) directed Frisch to submit a storm water management plan to Penn Township and complete any necessary storm water management repairs. The issues presented by Frisch are whether the trial court erred in failing to order the Township to reopen Barnett Drive and whether there was sufficient evidence before the trial court to warrant its granting of an injunction.

In December 1989 Frisch, an excavation contractor, purchased a subdivision in the Township known as Cove Mountain Estates. This subdivision consists of 27.44 acres along the base of the north side of Cove Mountain. The only access to the subdivision from public roadways is over Barnett Drive, a Township road which terminates at the north end of the subdivision.

On May 11, 1990, in response to a complaint about sedimentation and erosion problems with Barnett Drive, Todd Bragkovich, an employee of the Perry County Soil Conservation District (District), met with Frisch regarding the deteriorating conditions of Barnett Drive resulting from his earthmoving activities. Throughout the next year, Bragkovich had contact on numerous occasions with Frisch to encourage his voluntary compliance with state standards for erosion control, and he requested, on behalf of the District, that Frisch submit a storm water management plan. Although Frisch did eventually submit an interim erosion control plan, he did not submit an overall plan as requested by the District.

As a result, in February 1991 the Township closed Barnett Drive to the public, and it has since remained closed. The Township has implemented a system under which resident property owners are still allowed to drive their automobiles over Barnett Drive, but permits are now required for truck deliveries. Frisch claims that, unlike his neighbors, he frequently has been denied permits to bring trucks on to Barnett Drive in order to transport materials needed for implementation of erosion control.

The Township, while planning to rebuild and reopen Barnett Drive to the public, has been unable to reconstruct the roadway because of Frisch's failure to file the requested storm water management plan. Frisch, however, filed a mandamus action seeking to compel the Township to repair and reopen Barnett Drive immediately. The Township, on the other hand, filed an equity action under the Storm Water Management Act (Storm Water Act), Act of October 4, 1978, P.L. 864, *as amended,* 32 P.S. §§ 680.1–680.17, seeking (1) to enjoin Frisch from allowing the discharge of water and sedimentation from his property on to the property of others, as well as on to Barnett Drive, and (2) to compel Frisch to submit a storm water management plan to the Township in order for it to be able to reconstruct Barnett Drive. The trial court consolidated the two cases.

Hearings were held at which both parties presented evidence, and the trial court subsequently issued an April 7, 1993 order (1) dismissing Frisch's mandamus complaint and (2) granting an injunction directing Frisch to correct the drainage problem and to submit a storm water management plan to the Township in order for it to reconstruct Barnett Drive. The trial court further ordered that once an adequate drainage system is in place, the Township is to repair and reopen Barnett Drive within a reasonable time. The trial court subsequently denied Frisch's post-trial motions and this appeal followed.

### I.

Frisch contends that the trial court erred in dismissing his mandamus action seeking to compel the Township to repair and reopen Barnett Drive.[1] Frisch argues

---

1. This Court's scope of review of an action in mandamus is to determine whether the trial court has abused its discretion or committed an error of law. *School Dist. of Philadelphia, Bd. of*

that under Section 1110 of the Second Class Township Code (Code), Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 66110, it is a fundamental duty of the Township to keep the roads under its control open and in repair.

◼ The Township, to support its position to the contrary, also cites Section 1110 for the proposition that a township has the discretion to close a road that is either unsafe for travel or in immediate need of repair. Section 1110 of the Code provides in pertinent part:

> The supervisors of any township may temporarily close any township road when, in their opinion, excessive or unusual conditions have rendered such road unfit or unsafe for travel and immediate repair, because of the time of year or other conditions, is impracticable. The road or portion of road so closed shall be properly marked at its extremities and a means of passage for the customary users of such road shall, whenever possible, be provided.

The record indicates that the Township acted within its statutory authority in closing Barnett Drive for repairs. Robert E. Sheaffer, an engineer currently serving as a Township supervisor, testified that in February or March 1991, after receiving complaints from citizens regarding the deteriorating condition of Barnett Drive, the Township inspected the road and, pursuant to its authority under the Code, decided to close and reconstruct it. N.T., October 19, 1992, pp. 136–137.

◼ With regard to the Township's duty to reopen Barnett Drive, a review of the record indicates that both Terrence L. Kline, the Township's engineer, and Edward Michael Lesney, a consulting engineer testifying on Frisch's behalf, acknowledged that it would be necessary from an engineering standpoint for the Township first to receive Frisch's storm water management plan before the Township could reconstruct Barnett Drive. On direct examination, Kline testified that plans and specifications were developed to rebuild Barnett Drive with the exception of the storm water management of the road swales and rock line swales because he did not know where Frisch would direct his water—information which would change the hydraulics and design of the drainage. In view of this testimony, the trial court correctly concluded that the Township acted properly in closing Barnett Drive and keeping that road closed until it receives a storm water management plan for Frisch's property.

◼ As noted by the trial court, a writ of mandamus cannot be used to review or compel the undoing of an action taken by a public official or tribunal in good faith and in the exercise of legitimate jurisdiction, even if the decision was wrong. The writ cannot be used to perform the function of an appeal or writ of error. *Pennsylvania Dental Association v. Commonwealth Insurance Department,* 512 Pa. 217, 516 A.2d 647, *appeal denied* 512 Pa. 234, 516 A.2d 656 (1986). Accordingly, the trial court did not abuse its discretion by denying Frisch's request for a writ of mandamus.

## II.

◼ Frisch also contends that the trial court, sitting as chancellor, erred in granting the Township's request for an injunction because there was insufficient evidence to indicate that any abnormal sedimentation or erosion was caused by runoff from Frisch's property.[2] Under Section 15(b) of the Storm Water Act, 32 P.S. § 680.15(b), a suit to

---

*Educ. v. Council of the City of Philadelphia,* 129 Pa.Commonwealth Ct. 503, 566 A.2d 352 (1989), *appeal denied sub nom. Gibson v. School Dist. of Philadelphia, Bd. of Educ.,* 525 Pa. 660, 582 A.2d 326 (1990). Mandamus lies to compel the performance of a ministerial act or a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant and a want of any other appropriate remedy. "Mandamus does not lie to compel the performance of discretionary acts except where the exercise or nonexercise of discretion is arbitrary,

fraudulent or based upon a mistaken view of the law." *Id.* at 506–507, 566 A.2d at 354 (citations omitted).

**2.** In a civil action in equity where the chancellor has made findings of fact and conclusions of law, this Court's scope of review is limited. The findings of the chancellor will not be reversed unless it appears that he or she has clearly abused his or her discretion. *Zitelli v. Dermatology Education & Research Foundation,* 534 Pa. 360, 633 A.2d 134 (1993).

restrain, prevent or abate any violation of the Storm Water Act may be instituted in equity or at law by any affected county, municipality or aggrieved person. As the trial court notes, under Section 13 of the Storm Water Act, 32 P.S. § 680.13, a developer has a duty not to increase storm water runoff during construction:

Any landowner and any person engaged in the alteration or development of land which may affect storm water runoff characteristics shall implement such measures consistent with the provisions of the applicable watershed storm water plan as are reasonably necessary to prevent injury to health, safety or other property. Such measures shall include such actions as are required:

(1) to assure that the maximum rate of runoff is no greater after development than prior to development activities; or

(2) to manage the quantity, velocity and direction of resulting storm water runoff in a manner which otherwise adequately protects health and property from possible injury.

▮ Bragkovich testified on behalf of the District that he inspected Barnett Drive and observed that as a result of Frisch's earth moving activity, sediment, sand and stones were being washed on to the road. N.T. at 13. Further, as previously noted, the Township could not reconstruct Barnett Drive without an overall storm water management plan for Frisch's property, which he refused to provide. Accordingly, the evidence of rec-

ord supports the chancellor's grant of the injunction and as a result, this Court finds no abuse of the chancellor's discretion.

Frisch further contends that because the Township did not introduce evidence of its own storm water management plan, he cannot be charged with a violation of the Storm Water Act. In support of his position Frisch cites *Bahor v. City of Pittsburgh*, 158 Pa.Commonwealth Ct. 150, 631 A.2d 731 (1993), which states that a landowner may not sue the city for a violation of the Storm Water Act without first introducing evidence of a storm water management plan and the city's violation of it.[3] *Bahor*, however, is distinguishable. In the present case, the Township, unlike the aggrieved landowner in *Bahor*, is not seeking to recover damages under Section 15(c) of the Storm Water Act for a violation of a storm water management plan, but is instead seeking injunctive relief under Section 15(b) to compel Frisch, the developer, to comply with the District's request to implement a storm water management plan to stop the discharge of runoff from his property on to Barnett Drive, a Township road.[4]

As noted, Bragkovich, on behalf of the District, met with Frisch for approximately a year regarding the deteriorating condition of Barnett Drive due to sedimentation and erosion, and he made numerous attempts to compel Frisch to develop an acceptable storm water management plan for the Cove Mountain Estates subdivision.[5] Pursuant to Section 13 of the Storm Water Act, Frisch,

3. This Court's decision in *Bahor* was a plurality opinion written by a three-judge panel where although two of the judges concurred in the author's conclusion that damages under the Storm Water Act should not be awarded, they did so for the reason given by the trial court that the Storm Water Act applied only to large-scale developments and did not apply to the city's activity of razing a single house.

4. Section 15(b) permits the institution of: "[s]uits to restrain, prevent or abate violation of this act *or* of any watershed storm water plan, regulations or ordinances adopted hereunder...." (Emphasis added.)

5. Pursuant to Chapter 102 of the Department of Environmental Resources' regulations regarding erosion control, a landowner involved in earthmoving activities must prepare an erosion and

sedimentation control plan. Specifically, 25 Pa. Code § 102.4 provides in pertinent part:

(a) Earthmoving activities within this Commonwealth shall be conducted in such a way as to prevent accelerated erosion and the resulting sedimentation. To accomplish this, except as provided in subsection (b), a landowner, person or municipality engaged in earthmoving activities shall develop, implement and maintain erosion and sedimentation control measures which effectively minimize accelerated erosion and sedimentation. These erosion and sedimentation measures shall be set forth in a plan as set forth in § 102.5 (relating to erosion and sedimentation control plan) and be available at all times at the site of the activity. The Department or its designee may, at its discretion, require this plan to be filed with the Department or its designee.

while engaged in land development activities, has the duty to properly manage storm water runoff. This duty includes compliance with the District's request to provide a storm water management plan to enable the Township to properly reconstruct Barnett Drive. The chancellor's order is therefore affirmed.

### ORDER

AND NOW, this 9th day of August, 1995, the order of the Court of Common Pleas of Perry County in the above-captioned matter is affirmed.