Jason J. and Gretchen M. WILLIAMS, Husband and Wife, Stanley L. and Mary L. Deibler, Husband and Wife, G. Lynn and Sandra L. Golden, Husband and Wife, Emory C. and Jacqueline Golden, Husband and Wife, and Glenn F. Guise

v.

Daniel WORLEY, Lawrence Dost, and Randall Fishell, Supervisors of the Township of Latimore, Adams County, Pennsylvania, Appellants.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 14, 2003.

Decided March 16, 2004.

Reargument En Banc Denied May 11, 2004.

Ron Turo, Carlisle, for appellants.

Walton V. Davis, Gettysburg, for appellees.

BEFORE: SMITH–RIBNER, Judge, LEADBETTER, Judge and JIULIANTE, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Appellants Daniel Worley, Lawrence Dost and Randall Fishell, Latimore Township Supervisors, appeal from the orders of the Court of Common Pleas of Adams County dated July 30, 2003 that denied Appellants' motion for post-trial relief from the court's issuance of a writ of mandamus by order dated March 7, 2003. The court directed Appellants to repair immediately and maintain Plank Road, which is located within the Township, as soon as practicable so that the road could be reopened to the traveling public. Jason J. and Gretchen M. Williams and the other Appellees own properties located along Plank Road.

Appellants raise five issues on appeal. They contend that the trial court erred (1) in finding that Appellants exceeded their authority in temporarily closing Plank Road; (2) in imposing its own definition of the term "temporary" when that determination was within Appellants' discretion to make pursuant to Section 2308 of The Second Class Township Code (Code), Act of May 1, 1933, P.L. 103, *as amended,* added by Section 1 of the Act of November 9, 1995, P.L. 350, 53 P.S. § 67308; (3) in failing to determine that other appropriate and adequate remedies were available to Appellees; (4) in failing to determine that the lawsuit was an attempt to seek judicial review of the Supervisors' decision to temporarily close Plank Road; and (5) in fail-

ing to follow the holding in *Frisch v. Penn Township, Perry County,* 662 A.2d 1166 (Pa.Cmwlth.1995).

The trial court conducted a hearing on March 7, 2003 on Appellees' petition for a writ of mandamus. In its March 7 decision, the court found that on January 7, 2002 Appellants formally voted to close a portion of Plank Road, which is a public road, pursuant to their authority under Section 2308 of the Code because of dangerous and unsafe road conditions. The road was closed from its curve at a location near the entrance to the driveway to Supervisor Worley's property, and most of the closed portion (approximately 700 feet) runs within the boundary of his property. Supervisors Worley and Dost voted for closure and Supervisor Fishell voted against it. Ten days after the vote, Township employees removed stones from the road and replaced them with soil and seed, and the area where the road had crossed a stream was blocked by construction of banks on either side of the stream. The Department of Environmental Protection (DEP) stated in a July 25, 2002 letter to the Township that it could perform upgrades to the crossing if the Township planned to maintain it, but if not the Township could remove it. DEP, however, required a permit before it would allow future stream crossing.

The trial court additionally found that on November 11, 2002, the Township initiated procedures to vacate Plank Road pursuant to Sections 2304(a) and 2305 of the Code, also added by Section 1 of the Act of November 9, 1995, P.L. 350, 53 P.S. §§ 67304(a), 67305. A hearing was held in December 2002 on a proposed ordinance to vacate the road but no vote was taken, and no further action was taken at Appellants' January or February 2003 meetings. Since March 2002 Supervisor Fishell had not participated in Township meetings because he believed that the Township had acted improperly in closing Plank Road, that Supervisor Worley had a conflict of interest in voting on the closure and that refusing to attend any more Township meetings would thwart the remaining Supervisors from taking other improper actions regarding the road closing. The Supervisors obtained a $300,000 cost estimate, from engineers that the Township consulted, to develop Plank Road so that it could meet or exceed Pennsylvania Department of Transportation (DOT) specifications and Township slope specifications, including a re-sloping of the road and a 25–foot wide paved roadway with 5–foot shoulders on each side. Appellants have taken no action since January 2002 to maintain or to repair Plank Road; instead they have taken steps to permanently close the road without complying with Code procedural safeguards.

Even though the Township had authority to temporarily close Plank Road for immediate repair and maintenance, the trial court determined that the Township had a duty to maintain and repair the road and to repair and reopen it as soon as practicable pursuant to Section 2308 of the Code. The court concluded that the Township clearly had failed to comply with its mandatory duty and had taken action in contravention of that duty. The court recognized that repairing the road would be expensive but that the expense was due largely to the Township's actions in removing stone, seeding over the roadway and erecting banks on either side of the stream. The court determined that Appellees had satisfied their burden.

Appellants filed their motion for post-trial relief asserting various trial er-

rors.[1] In rejecting post-trial relief, the trial court noted the parties' stipulation that "[i]f Plank Road remains a public road, and the defendants fail to exercise discretion of any kind to re-open the said road and keep it in repair and clear of impediments ... then the Court of Common Pleas has the authority to issue a Writ of Mandamus to defendants requiring them to take action to fulfill their duties with respect to the said road." *See* Stipulation filed December 4, 2002. The court stated that after the stipulation it found that the Township had taken no action to reopen the road and that Appellants could not now complain that a writ was improper.

Citing as authority *Pennsylvania Dental Ass'n v. Commonwealth Insurance Department*, 512 Pa. 217, 516 A.2d 647 (1986), the trial court stated the well-settled principle that a writ of mandamus may be issued to compel the performance of a ministerial act or a mandatory duty only when a clear legal right exists in the plaintiffs, a corresponding duty exists in the defendants and there is no other appropriate and adequate remedy available. *See also Frisch.* Also a writ may not be used to control a public official's exercise of discretion or judgment nor to review the official's action or to compel the revocation of action when taken in good faith and in the exercise of legitimate jurisdiction. *Pennsylvania Dental Ass'n.* Moreover, a

writ of mandamus represents an extraordinary remedy. *Voss v. Pennsylvania Board of Probation and Parole*, 788 A.2d 1107 (Pa.Cmwlth.2001).

The relevant portion of Section 2308 of the Code reads as follows: "(b) The board of supervisors may temporarily close any township road when it determines that the conditions have rendered that road unfit or unsafe for travel and immediate repair or maintenance, because of the time of the year or other conditions, is impracticable." Appellants stress that the closed portion of Plank Road was actually a small farm lane that had never been paved or maintained by the Township and that the five families residing along the closed portion had access to their properties from separate roads maintained by the Township. When Appellants received a $300,000 cost estimate to rebuild and repair and reopen the road, along with ascertaining the need for a stream crossing permit, wetlands study and other requirements, they made the discretionary decision to begin proceedings to vacate the road. Recounting their actions since closing the road in January 2002, the issues related to Supervisor Fishell's refusal to attend meetings and the steps taken to vacate the road, Appellants maintain that the trial court made a mistake of fact when it found that the Township took no action since January 2002 to reopen the road.[2]

---

**1.** The Court's review of the trial court's order in an action in mandamus is limited to a determination of whether the trial court's ruling represented an abuse of discretion or an error of law. *Bolus v. Saunders*, 833 A.2d 266 (Pa.Cmwlth.2003).

**2.** Appellants next argue that it was improper for the trial court to determine the meaning of the term "temporary" as stated in Section 2308 of the Code. It appears that Appellants did not raise this issue in their motion for post-trial relief, and the issue therefore was waived. *City of Philadelphia v. Fraternal Or-*

*der of Police Lodge No. 5*, 677 A.2d 1319 (Pa.Cmwlth.1996). In addition, Appellants have argued that a writ of mandamus cannot be issued when Appellees have other appropriate and available remedies, such as seeking out candidates for the supervisor positions and replacing them at the next election. The trial court noted in its July 2003 opinion that Appellants raised the issue of the availability of other adequate remedy for the first time in their motion for post-trial relief and that the parties clearly treated this matter as a non-issue. In any event, the court took judicial

Relying on *Frisch*, Appellants assert that the court erred in granting a writ of mandamus to compel Appellants to perform a discretionary act.

The property owner in *Frisch* purchased a subdivision consisting of 27.44 acres with its only access from public roadways over Barnett Drive. In 1991 the township closed Barnett Drive because of its deteriorating conditions, and it has remained closed because the township was unable to repair and reconstruct the road when the owner failed to file the required storm water management plan. The owner instead filed a mandamus action requesting the court of common pleas to compel Penn Township to repair and reopen Barnett Drive. The trial court refused to issue a writ of mandamus; however, it granted the township's request for an injunction requiring the owner to submit the storm water management plan to the township, which thereafter had to repair and reopen the road within a reasonable time. This Court held that the township acted within its statutory authority under Section 1110 of the Code, 53 P.S. § 66110, in closing Barnett Drive for repairs due to its deteriorating condition and, accordingly, it concluded that the trial court did not abuse its discretion in denying a writ of mandamus. The Court observed that a writ of mandamus may not be used to review or. to compel the undoing of an act taken by public officials or public tribunals in good faith and in the exercise of their legitimate jurisdiction, even when such act was performed in error. *See Pennsylvania Dental Ass'n.*

Appellees are in accord with the trial court that *Frisch* does not apply inasmuch as the owner there failed to perform acts that would enable the township to

repair and to reopen the closed road; the owner, therefore, failed to demonstrate a clear legal right to relief and a corresponding duty in the township. Unlike the situation in *Frisch*, Appellees contend that no evidence exists to demonstrate that they committed any act which thwarted Appellants in carrying out their mandated duty to make immediate repairs and to maintain Plank Road so that it could be reopened to the traveling public. While the facts in *Frisch* and those in the case *sub judice* may differ in regard to the owner's failure in *Frisch* to act as required, such distinction does not render the case inapplicable. The fundamental holding in *Frisch* is that mandamus does not lie to review action taken by public officials to close a road or to compel the undoing of the act when taken in good faith and in the exercise of legitimate jurisdiction even when the decision is made in error.

The trial court expressly found that Appellants acted within their statutory authority and discretion in temporarily closing Plank Road and thus in the exercise of their legitimate jurisdiction under Section 2308 of the Code. There was no finding that Appellants acted in bad faith in closing the road, and the record shows that Plank Road was closed due to safety issues. Moreover, testimony was offered as to the $300,000 cost estimate for rebuilding/repairing and reopening the road, a prohibitive cost in Appellants' view in light of an asserted $500,000 annual budget, adequate alternate access to their property by those five families served by Plank Road and subsequent official action taken to vacate the road. As Appellants' decision was within their statutory authority to make, the trial court cannot undo that decision by issuing a writ of mandamus.

notice of statutory or administrative remedies, or the lack thereof, that were available to Appellees and concluded that a writ of mandamus was the only adequate and appropriate remedy available to them.

The Court, consequently, cannot agree that Appellees have established a clear right to relief and a corresponding duty in Appellants to warrant the extraordinary remedy granted. *See Voss; Frisch.* Because of an abuse of its discretion, the order of the trial court is reversed.[3]

## ORDER

AND NOW, this 16th day of March, 2004, the order of the Court of Common Pleas of Adams County is reversed.

---

3. The trial court found that the Township held hearings on a proposed ordinance to vacate the road but that by February 2003 no vote had been taken on the proposed ordinance. Although Appellants stated in their brief that the unopened portion of Plank Road has been vacated, the Court conceivably could remand for additional findings on this matter. However, a remand is unnecessary in view of the Court's conclusion that the trial court abused its discretion in granting a writ of mandamus under the circumstances presented.