**BARNESS LAND DEVELOPMENT COMPANY, LLC**

v.

**BOARD OF SUPERVISORS OF WASHINGTON TOWNSHIP,** Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 30, 2004.
Decided June 22, 2004.

Timothy J. Rowley, Reading, for appellant.

No appearance entered on behalf of appellee.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

The Board of Supervisors of Washington Township (Board of Supervisors) appeals from an order of the Court of Common Pleas of Berks County in the action in mandamus filed by Barness Land Development Company, LLC (Barness) seeking to compel the Board of Supervisors to approve an application by Barness to subdivide 269.63 acres for the construction of single-family homes. The trial court granted Barness' motion for peremptory judgment and ordered that the application was deemed approved. The Board of Supervisors questions whether the trial court erred in granting peremptory judgment in mandamus because Barness already had an adequate remedy at law, whether Barness' action should have been stayed pursuant to Pa. R.A.P. 1736, based upon Washington Township's pending appeal and whether Barness had a clear right to approval.

On February 28, 2002, the Board of Supervisors adopted Ordinance 2002–1, which amended the Washington Township zoning map by rezoning certain areas from "R–2 Suburban Residential" to "A–Agricultural." On March 28, 2002, certain affected land owners not including Barness filed a challenge with the Zoning Hearing Board asserting that in enacting the ordinance the Township failed to comply with notice provisions of Sections 609 and 610 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §§ 10609 and 10610. On August 7, 2002, the Zoning Hearing Board issued a decision declaring Ordinance 2002–1 and Ordinance 1995–6 to be invalid. The Township appealed that decision to the trial court, but it did not request a supersedeas; Barness intervened in the appeal to the trial court.

The Board of Supervisors issued notice of its intent to re-adopt Ordinance 2002–1 at a meeting scheduled for the evening of December 12, 2002. Barness filed an application for approval of subdivision and development of property along with a preliminary plan in the afternoon of December 12. Barness' plan for a housing development named Green Hills Meadow Subdivision called for the construction of 253 dwellings on 269.63 acres in Washington Township, with several more on land in Douglass Township, Montgomery County. Under A–Agricultural zoning only six dwellings would be permitted in the Washington Township portion.

The Washington Township Planning Commission recommended that the application be rejected. At a regular meeting on January 30, 2003, the Board of Supervisors passed a motion rejecting the preliminary plan filed by Barness because Section 131–15 D(1)(b) of the Zoning Ordinance permitted only six dwellings on the subject property, and the solicitor notified Barness of that decision by letter of February 4, 2003. The trial court issued an opinion in

the action challenging the procedural validity of Ordinances 2002–1 and 1995–6 on March 12, 2003, and it affirmed the Zoning Hearing Board. Washington Township filed a notice of appeal to this Court from that decision on April 8, 2003.

On April 22, 2003, Barness filed its complaint in mandamus in the trial court. Barness asserted that when it filed its application on December 12, 2002, Ordinance 2002–1 had been invalidated. Therefore, under Section 508(4) of the MPC, 53 P.S. § 10508(4), the applicable provision was the Zoning Ordinance before amendment, with Barness' land in the R–2 Suburban Residential District, and Barness had a clear right to approval of its application. Further, Barness asserted that the Board of Supervisors' rejection was improperly based upon an ordinance not yet in effect at the time of its application, and it asked for a deemed approval under Sections 508(2) and (3) of the MPC, 53 P.S. §§ 10508(2) and (3). Subsection (2) requires that when an application is not approved as filed, the decision shall specify the defects found and the requirements not met "and shall, in each case, cite to the provisions of the statute or ordinance relied upon." Subsection (3) provides that failure of a governing body to render a decision and to communicate it within the time specified "and in the manner required herein shall be deemed an approval of the application in terms as presented" unless the applicant agreed in writing to a different procedure.

▮ After conducting a hearing on the motion and considering requested briefs on the "pending ordinance" doctrine, the trial court granted Barness' motion for peremptory judgment in an order of August 5, 2003. In an opinion in support of its order, the trial court noted that the Board of Supervisors' concise statement of matters complained of on appeal asserted

that the peremptory judgment should have been denied because Barness already had an adequate remedy in the form of the appeal in the case pending before Commonwealth Court and that based upon that pending appeal the mandamus action should have been stayed pursuant to the Rules of Appellate Procedure. The trial court noted that under Pa. R.C.P. No. 1098 peremptory judgment may be granted in an action in mandamus at any time after the filing of a complaint if the right of the plaintiff is clear. Such judgment will be entered only in the clearest of cases, where there is no doubt as to the absence of a dispute as to any material fact. *Salem Township Municipal Authority v. Township of Salem,* 820 A.2d 888 (Pa.Cmwlth. 2003).

The trial court stated that there was no dispute that the Zoning Hearing Board invalidated Ordinance 2002–1 on August 7, 2002. Therefore, the zoning classification reverted to R–2 Suburban Residential. The court quoted Section 508(4)(i) of the MPC, 53 P.S. § 10508(4)(i), which pertinently provides that from the time an application for approval of a preliminary or final plan is filed, no amendment of the zoning, subdivision or other governing ordinance shall affect the application adversely and the applicant shall be entitled to a decision under the provisions as they existed at the time of application. The trial court concluded that the Board of Supervisors could not base their rejection of Barness' application on a newly enacted ordinance.

On the question of deemed approval, the trial court stated that the denial of the application was based entirely upon an invalidated ordinance, which was the "functional equivalent" of relying upon no ordinance at all, and, therefore, the decision violated Section 508(2) of the MPC and entitled Barness to a deemed approval un-

der Section 508(3). The trial court acknowledged the Board of Supervisors' argument that peremptory judgment for Barness was not proper because there was a pending appeal in the Commonwealth Court to the decision of the Court of Common Pleas affirming the decision of the Zoning Hearing Board that invalidated Ordinance 2002–1. The court noted that the appeal in that case was pending in this Court, but it did not otherwise address the Board of Supervisors' argument on this point. Finally, in regard to the pending ordinance doctrine, the court relied upon *Naylor v. Township of Hellam*, 565 Pa. 397, 408 n.6, 773 A.2d 770, 776 n.6 (2001) ("The pending ordinance doctrine does not apply to applications for subdivision or land development as they are controlled by section 508(4) of the MPC, which specifically addresses this kind of proposed land use.").

One further development that the Court must acknowledge is that after submission of the Board of Supervisors' brief, this Court issued its decision in *Washington Township Berks County, Pennsylvania v. Zoning Hearing Board of Washington Township Berks County, Pennsylvania* (Pa.Cmwlth., No. 784 C.D.2003, filed January 8, 2004), *appeal denied*, —— Pa. ——, 852 A.2d 314 (2004). In that case the Court held that Washington Township did not fatally fail to comply with requirements of Section 610 of the MPC and that the Zoning Hearing Board erred in invalidating Ordinance 2002–1. The Court takes notice from its own records that Barness participated as an active party in that appeal and that in fact it filed a petition for allowance of appeal from that decision. On January 15, 2004, a week after the issuance of the Court's decision, Barness filed a statement that it would not submit a brief in this matter. The Court directed that the case be submitted on the Board of Supervisors' brief.

■ As the Board of Supervisors points out, mandamus is an extraordinary writ, and the remedy of mandamus will lie only to compel the performance of a ministerial act or a mandatory duty where the petitioning party has a clear legal right and the respondent has a corresponding duty and no other appropriate legal remedy exists. *Randolph Vine Assocs. v. Zoning Board of Adjustment of Philadelphia*, 132 Pa.Cmwlth. 452, 573 A.2d 255 (1990). The Court's review in mandamus cases is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Bolus v. Saunders*, 833 A.2d 266 (Pa.Cmwlth.2003).

The Board of Supervisors argues that a grant of mandamus was improper in the present case because Barness has not one but two adequate legal remedies. The appeal then pending before this Court would have resolved the issue of the legality of Ordinance 2002–1. Also the Board of Supervisors represents that Barness filed an appeal from the rejection of its application, which is currently pending in the trial court. The Board of Supervisors cites the principles that mandamus cannot be used to review or compel undoing of action taken by a public official or tribunal in good faith and in the exercise of legitimate jurisdiction, even if the decision was wrong, *Williams v. Worley*, 847 A.2d 134 (Pa. Cmwlth.2004), and that it cannot be used to perform the function of an appeal or a writ of error, *Frisch v. Penn Township, Perry County*, 662 A.2d 1166 (Pa.Cmwlth. 1995).

The Board of Supervisors notes that pursuant to Pa. R.A.P. 1736(b) the taking of an appeal by it, as a party falling within the description in Pa. R.A.P. 1736(a)(2) of "[a]ny political subdivision or any officer thereof acting in his official capacity," automatically operated as a supersedeas in favor of the Board of Supervisors. This

supersedeas was in effect for two weeks before Barness filed its action in mandamus. Although Barness bases its position on the fact that the Board of Supervisors did not seek a supersedeas from the decision of the Zoning Hearing Board that invalidated Ordinance 2002–1 originally, the Board of Supervisors maintains that failure to seek a supersedeas does not destroy a party's rights on appeal and that the appeal must still be heard and determined. *Appeal of Riccardi*, 393 Pa. 337, 142 A.2d 289 (1958). Finally, the Board of Supervisors argues that a deemed approval pursuant to Section 508(3) of the MPC generally applies where a municipality fails to render a decision and to communicate it to the applicant within the specified time and the decision is not in the manner required. Here, at the very least, the decision was communicated within the required time.

The Court agrees with the Board of Supervisors that the trial court erred in granting Barness mandamus relief. First, Barness' right was far from clear when it applied for subdivision approval in December 2002. Although a supersedeas was not in effect as to the decision of the Zoning Hearing Board invalidating Ordinance 2002–1, the appeal of that decision was pending in the trial court and there was not yet a final determination of the question of the validity of the ordinance and, hence, of the existence of Barness' claimed right. When Barness filed its action in mandamus, an automatic stay of the trial court's affirmance of the Zoning Hearing Board's order was in effect. This Court has now held that Ordinance 2002–1 was valid from the time of its adoption.

■ The Court's internal operating procedures preclude reference to unpublished decisions ordinarily, but that rule does not apply to the situation here where the memorandum decision may be relied upon

because it is relevant under the doctrine of collateral estoppel. *See* 210 Pa.Code § 67.55. Collateral estoppel prevents relitigation in a subsequent proceeding of an issue of law or fact that has been determined, where the legal or factual issues are identical, they were actually litigated, they were essential to the judgment and they were material to the adjudication. *Temple University v. Workers' Compensation Appeal Board (Parson)*, 753 A.2d 289 (Pa.Cmwlth.2000). The decision in *Washington Township Berks County, Pennsylvania* would collaterally estop Barness from asserting in the present appeal that Ordinance 2002–1 was invalid. For all of the foregoing reasons, the order of the trial court is reversed.

Judge LEADBETTER did not participate in the decision in this case.

### ORDER

AND NOW, this 22nd day of June, 2004, the order of the Court of Common Pleas of Berks County is reversed.