**Huff v. Exeter Township**

C.P. of Berks County, no. 04-6030.

*Marc B. Kaplin* and *Gregg I. Adelman,* for plaintiffs.
*Andrew J. Bellwoar,* for defendants.

LASH, *J.,* November 17, 2004—The plaintiffs, Kelley M. Huff and Enchanted Acres Farm Inc., have appealed the order of this court dated October 12, 2004, sustaining the preliminary objections of defendants, Exeter Township, Cheryl Franckowiak, in her capacity as Exeter Township Zoning Enforcement Officer, and the Exeter Township Board of Supervisors, and dismissing plaintiffs' complaint and plaintiffs' motion for preemptory judgment in mandamus. In sustaining the defendants' preliminary objections, this court found that the writ of mandamus sought by plaintiffs was an inappropriate remedy and that the matters complained of should be determined by the Exeter Township Zoning Hearing Board. Accordingly, this court relinquished jurisdiction to the zoning board for further proceedings. This appeal followed.

In sustaining preliminary objections, this court recognizes that preliminary objections should be denied unless it is certain and beyond all doubt that the law will not permit recovery. *Copechal v. Township of Bristol, Department of Licenses and Inspections,* 668 A.2d 1222, 1224 (Pa. Commw. 1995). In considering preliminary objections, the court must admit as true all material facts set forth in the complaint, as well as all inferences deducible therefrom. *McMahon v. Shea,* 547 Pa. 124, 129, 688 A.2d 1179, 1181 (1997).

Plaintiff Huff is president of plaintiff, Enchanted Acres Farm Inc., and owner of approximately 13.5 acres of land located at 5560 Old Boyertown Pike, Exeter Township, Berks County, Pennsylvania. The property is located in the township's Rural (R) Zoning District. The structures on the property include a two-story colonial farmhouse, another smaller house, a smokehouse and a barn.

On or about November 28, 2001, plaintiff Huff executed an agreement of sale to purchase the property, with the condition that she first receive approval from the township to use the property as a "use oriented facility for event, housing and entertainment." Plaintiff then filed an application for a special exception before the Township Zoning Hearing Board. In the application, plaintiffs describe the proposed use of the property as follows:

"Creation of a recreation area to include, but not be limited to, a playground, picnic ground, horse riding trail, hiking trail, fishing and family and entertainment center to include pre-school field trips, children activities, boy/girl scout trips, birthday parties and obstacle course. Baked goods and coffee will also be available to be consumed solely by persons utilizing the premises. The charging of admission and the sale of refreshments and the rental or sale of any athletic equipment will be clearly accessory to and incidental to the permitted recreation use."

A hearing was held on the application on January 17, 2002. At the hearing, plaintiff Huff testified that the property's use would have a family and children's theme. It would feature events within a farm atmosphere, including ponies, fishing and walking trails. She would

have pre-school field trips during the day, hayrides, a pumpkin patch, pony rides, boy and girl scout activities, birthday parties and "anything children oriented." She also proposed an outdoor playground with a multi-climbing area and a picnic area. She believed that the proposed use complied with the recreation use permitted by special exception in the R, Rural Zoning District.[1]

Plaintiff Huff also set forth her intended use for the structures on the property. In the main house, she intended to serve coffee and baked goods on the first floor. On the second floor would be a teddy bear picnic room and a tea party room. In the barn basement, a large sandbox area would be located. In the upstairs area of the barn, an obstacle course would be featured.[2]

On January 22, 2002, the solicitor for the board issued a "certification of order" granting plaintiffs' application for a special exception pursuant to section 402(3)(C) of the Exeter Township Zoning Ordinance,[3] to convert a substantial portion of the property from residential and open space use to a recreation area. In the order, the zoning relief was made subject to the following conditions:

"(1) All recreational activities and events must be child and family centered;

"(2) All activities and events must be supervised;

"(3) substantially all of the events and activities must be prescheduled in order to control the number of those

---

1. Notes of Testimony, January 17, 2002, pp. 12-14.

2. Notes of Testimony, January 17, 2002, pp. 15-16.

3. Exeter Township Zoning Ordinance no. 500, adopted May 15, 2000.

attending at any given time and to ensure proper supervision;

"(4) The hours of operation are limited to the period beginning no earlier than 8 a.m. and ending no later than 8 p.m.; and

"(5) Outdoor activities shall be limited to the following:

(a) Hayrides;

(b) Picnic area;

(c) Pony riding trails;

(d) Fishing;

(e) Hiking trails;

(f) Pumpkin patch;

(g) Scout activities;

(h) Children's playground; and

(i) Similar type activities."

On April 4, 2002, plaintiff Huff finalized the purchase of the property and then began renovating the existing main house and barn.

According to plaintiffs' complaint, from September 2002 through November 2003, plaintiffs operated continuously and hosted recreation uses such as birthday parties, baby christening parties, family reunions, baby showers, Girl and Boy Scout activities, playground and picnic area activities, horseback riding, pre-school field trips and various children's activities.[4]

---

4. Plaintiffs' complaint, paragraph 27.

On or about November 25, 2003, in response to a request for a plumbing permit application, defendant, Cheryl Franckowiak, the Exeter Township Zoning Enforcement Officer, contacted plaintiffs with concerns she had regarding the indoor recreational activities being conducted in the buildings. Defendant Franckowiak subsequently sent correspondence to plaintiff Huff dated December 10, 2003, which stated, among other things:

"It is my opinion that the following occasions are not recreational (consistent keeping with the zoning ordinance and certification of order): banquets, reunions, showers (bridal/baby), anniversary parties, engagement parties, rehearsal dinner, christening, baptism, or other parties, company/organization, but rather are commercial uses and would not be allowed under current zoning or ZHB approval."

On December 11 and 12, 2003, defendant township denied the plumbing permit application, as well as the corresponding building permit application, stating that the special exception order is "limited to outdoor recreational events."

In January 2004, plaintiffs appealed the matter to the board. According to the appeal petition, the ruling appealed from was the "letter from zoning officer dated December 12, 2003 which interpreted the January 22, 2002 special exception as permitting only *outdoor* recreational events and prohibiting use of the barn for anything other than accessory storage. The zoning hearing board decision does not so limit the activities."

The appeal petition requested a special exception under section 402(3)(C) of the zoning ordinance, or in lieu thereof, a variance under section 402.

On March 3, 2004, a hearing was held before the board. After the hearing, the board deferred its ruling. Prior to the board rendering a decision, plaintiffs withdrew the appeal. In lieu thereof, on May 2, 2004, plaintiffs filed the within complaint requesting a writ of mandamus.[5] Defendants then filed preliminary objections, resulting in this court's ruling of October 12, 2004.

Plaintiffs' argument is that, under these facts and circumstances, they have a clear right to a writ of mandamus. They allege two bases for this conclusion. First, the order issued on January 22, 2002 tacitly permits indoor recreational uses. Secondly, the Dunn Community Center, owned and operated by Exeter Township, conducts the same type of activities; the township's refusal to permit plaintiffs to carry on similar activities constitutes preferential and disparate treatment of the township's recreational center.[6]

---

5. The complaint also contained a count seeking relief under 42 U.S.C. § 1983—Substantive due process and 14 U.S.C. § 1983—Equal protection. Defendants then filed a notice of removal to the United States District Court for the Eastern District of Pennsylvania. However, by stipulation entered June 22, 2004, the parties agreed that the substantive due process and equal protection claims would be dismissed and that the mandamus claim would be remanded to this court for further proceedings.

6. Most likely, this claim applies to the dismissed counts of plaintiffs' complaint. However, in an abundance of caution, this court will rule on this issue within the context of the mandamus count.

"A writ of mandamus is an extraordinary remedy and ordinarily will not be issued unless the party seeking the writ demonstrates a clear legal right to the relief requested, a corresponding duty on the part of the defendant, and the lack of an adequate alternative remedy. . . . Furthermore, for a clear legal right to exist, the governmental act which the party seeks to compel must be purely ministerial in nature and must not involve any discretion on the part of municipal officials." *Copechal v. Township of Bristol, Department of Licenses and Inspections,* 668 A.2d 1222, 1224 (Pa. Commw. 1995), citing *Lindy Homes Inc. v. Sabatini,* 499 Pa. 478, 453 A.2d 972 (1982).

Further, though plaintiffs could have proceeded with obtaining a decision from the zoning hearing board, this does not, in and of itself, preclude this court from hearing the mandamus action. *Copechal, supra* at 1225.

In support of their first argument, plaintiffs maintain that sections 402(2) and 402(3) of the township zoning ordinance permit indoor recreation and that the certification order grants them permission to use the indoor areas for this use.

Section 402(2) of the zoning ordinance states that: "Land and buildings in an R district may be used for the following purposes and no others, unless a special exception as provided for in 402(3) is granted." Thus, plaintiffs argue it is permissible for a use granted by special exception to be conducted within a building.

Section 402(3) of the zoning ordinance provides, in pertinent part:

"(3) Uses permitted by special exception. The following uses are permitted when special exceptions are

granted by the zoning hearing board in accordance with 902(5) of this chapter. . . .

"(C) Recreation uses, including parks (except amusement parks), playgrounds, picnic grounds, horse riding trails and academies, golf courses (except driving ranges and miniature golf courses), swimming areas and pools, hiking trails, trails for motorized and non-motorized bicycles, boating, fishing, shooting and hunting club and areas, camps (except campgrounds), subject to 607 of this chapter."

According to plaintiffs, the term "recreation uses" is not limited to the listing of activities set forth in 402(3)(C). Further, reading the two provisions in conjunction, the recreation uses could be either outdoor or indoor, and if not expressly limited by township zoning officials, is then permissible.

Read in this context, the plaintiffs argue that the certification of order only specifies and limits outdoor activities. Since it does not speak to a limitation on indoor recreational use, and since plaintiffs presented evidence supporting a request for indoor recreation, the indoor recreational use is implicitly granted by the terms of the certification order.

The analysis is not as simple as plaintiffs would suggest. First, the recreation uses listed in 402(3)(C) all contemplate outdoor recreation. This is in keeping with the specific intent of the "R" district to permit "limited residential development at low density in an area predominately characterized by farmland, open spaces and woodland."[7] Accordingly, the involvement of buildings or

---

7. 402(1) of the zoning ordinance.

structures may be incidental to the outdoor recreational use only.

Secondly, the terms of the certification order could be interpreted to include only outdoor activities. As the relief sought is a special exception, plaintiffs have the burden of affirmatively establishing whether the indoor recreational uses fall within the special exception provision of the zoning ordinance. If the burden is met, the board should then make an express finding so stating. Here, the certification order makes no reference whatsoever to indoor uses. Further, though plaintiffs presented testimony on the issue, the application itself did not seek a special exception for indoor recreation uses. The parameters of the certification order may have been set therefore within the context of the application.

There are other issues of greater concern. Plaintiffs appear to have expanded the scope of the indoor activities beyond the representations previously made. According to defendant Franckowiak, plaintiffs use the indoor facilities to host banquets, reunions, bridal and baby showers, anniversary and engagement parties, rehearsal dinners, christenings, baptisms or other parties. If these activities are being conducted, the indoor use substantially exceeds the proposed uses set forth in plaintiff Huff's testimony at the January 17, 2002 hearing. This is significant because the additional uses impose a substantially greater burden on the property and the neighboring community. Attendance at banquets, wedding receptions and other parties would be significantly greater than would be expected for tea parties and teddy bear picnics. This raises parking and traffic issues. There may be greater noise and other disruptions which affect the

neighboring community. Since these types of indoor uses were not proposed at the initial hearing, the board never had the opportunity to consider the impact of those uses on the community. The board cannot be held to have consented to these uses, under the circumstances.

These uses may also be considered to be commercial uses. Defendant Franckowiak raised this concern in her correspondence of December 10, 2003. If these uses are commercial, then plaintiffs' application is subject to section 607(1)(A) of the zoning ordinance which states:

"607 Recreational use regulations

"(1) The following controls shall apply to all recreational uses not owned by Exeter Township.

"(A) All activities of a commercial nature shall be clearly accessory to and incidental to the permitted recreational use, such as the charging of admission, the sale of refreshments and the rental or sale of athletic equipment."

There is a substantial question whether these activities would be merely incidental to an acceptable recreational use.

As stated, plaintiffs also complain that Exeter Township is using property owned by it in the same manner. By denying plaintiffs indoor recreation, the township is applying the ordinance in an unequal and disparate manner.

In their complaint, plaintiffs aver that Exeter Township's Dunn Community Center is rented by township residents and nonresidents for private parties. These private parties feature music, dancing, karaoke, carnival games, foosball, ping pong, air hockey, Nintendo and

crafts. Further, there are other indirect recreational uses conducted in the community center, including aerobics, pilates, chess club and street hockey. The township requires anyone using the community center to pay a fee to the township.[8]

The comparison between plaintiffs' uses and the Township Center uses is not appropriate. The uses conducted by Exeter Township at the center were not permitted by special exception only, but are permitted by right under section 402(2) of the zoning ordinance. 402(2)(C) permits land and buildings in an "R" district to be used for "municipal use." Municipalities are granted power to provide for recreation opportunities to the citizens and residents of the community.[9] Section 67201 of the Municipalities Planning Code[10] specifically permits buildings owned, leased or controlled by a township to be used for indoor recreation centers, among other things. Accordingly, the township is well within its authority to operate the center. Plaintiffs, on the other hand, had to seek and obtain a special exception to use the property for recreational purposes and are subject to the January 22, 2002 order framing the scope of activity permitted on the property.

This court finds that there are facts and issues present which contravene plaintiffs' position that they have a clear right to use the property for any recreational use not prohibited by the January 22, 2002 order. In discussing these facts and issues, this court is merely recogniz-

_____

8. Paragraphs 44-47 of plaintiffs' complaint.

9. 53 P.S. §10701-A(a)(3).

10. 53 P.S. §67201.

ing the existence of same and not addressing the merits. Nevertheless, the averments in plaintiffs' complaint cannot sustain a claim for writ of mandamus.[11] Accordingly, this court sustained the preliminary objections and remanded to the board for further proceedings.

This court requests your honorable court affirm the order of October 12, 2004, and dismiss plaintiffs' appeal.

---

11. Mandamus cannot be used to review or compel undoing of action taken by public official or tribunal in good faith and in the exercise of legitimate jurisdiction, even if the decision was wrong, nor can it be used to perform the function of an appeal or a writ of error. *Barness Land Development Company LLC v. Board of Supervisors of Washington Township,* 852 A.2d 463, 466 (Pa. Commw. 2004).