## WALTER v. STREEPER, BUILDER, AND MORRIS, OWNER.

### November 23, 1839.

*Motion for new trial and in arrest of judgment.*

1. An issue having been formed in a proceeding under the 23d section of the act of 16th June, 1836, relating to mechanics' liens, and the cause set down for trial: *Held,* that the plaintiff (the claimant,) could not suffer a *nonsuit,* without the consent of the opposite party, inasmuch as the defendant was substantially the actor, and the purpose of the law was to ascertain for his benefit, whether or not the alleged claim was valid.

2. Upon failure of proof, on the part of plaintiff, the defendant is entitled to verdict and judgment.

IN this case, a claim had been filed by Walter against fifteen houses and lots for materials furnished to them. No *scire facias* having been sued out by him, Richard Morris, the owner presented his petition to the court, praying that an issue might be ordered to try the validity of the claim, under the 23d section of the act of 16th June, 1836, relating to mechanics' liens, (*Stroud's Purd. tit. Mechanics' Lien.*) See Borton *v.* Morris, *ante,* p. 109. An order of court was made to that effect, with which plaintiff complied, and the case was put at issue. On the 29th November, 1839, it was called for trial before Judge Stroud. The plaintiff not being ready, offered to suffer a nonsuit, to which the defen-

[Walter v. Streeper.]

dant's counsel objected, because " if the plaintiff is permitted to suffer a nonsuit, the object of the act of assembly, according to the provisions of which the issue was ordered, will be defeated, it being the intention of the act that the owner may compel an issue and trial, (if the claimant neglects to sue out a *scire facias*,) for the purpose of ascertaining whether the claim is a valid one, and if not, to have the lien of it removed by a verdict, and judgment in his favour."   He cited Judge Tilghman's opinion in the case of Vamant *v.* Boileau, 1 *Binn.* 448.

The Judge refused to permit the plaintiff to suffer the nonsuit, and the jury found a verdict for the defendants.

The plaintiff's counsel moved for a new trial, and in arrest of judgment, and one of his reasons was the refusal of the judge to permit the nonsuit.

*Fallon*, for the rule.
*Clarkson*, contra.

PER CURIAM.—The act intended to remedy a mischief which at one time existed.   A claim on which nothing was due could be filed, operating as a lien to the embarrassment of the owner, who had no means of calling on the claimant to establish his right, if he had any.   The act of 1836 intended to make the owner, resorting to the use of its provisions, substantially the actor, and its purpose was to ascertain for his benefit, whether or not the alleged claim was valid.   Now if, after the owner has called on the claimant to proceed, who does so, the claimant, at the trial may suffer a nonsuit, the whole purpose of the law would be defeated, for it would compel the defendant again to call on the claimant to proceed, who, on another trial, might again suffer a nonsuit, and so the case would never be ended.   The judge was right in refusing to permit the plaintiff to suffer a nonsuit, and in directing a verdict to be found for the defendant.   See 1 *Binn.* 444 ; 5 *Mod.* 76.

Motion refused, and judgment on the verdict.