## Seabrook *versus* Swarthmore College.

1. Under the 23d section of Act of June 16th 1836 (Mechanics' Lien), the owner of the building is the actor, and is entitled to a trial to determine whether his property shall remain charged with the claim.

2. An owner asked the court for an order on the claimant to proceed; the order was made, the claimant then moved to strike off his lien which was denied. *Held*, that the refusal was discretionary and that the case was still pending without a final judgment, and a certiorari from the Supreme Court was quashed.

February 26th 1870. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Certiorari to the Court of Common Pleas of *Delaware county*: No. 298, to January Term 1870.

Thomas Seabrook, on the 20th of October 1867, filed a

Mechanics' Lien against Swarthmore College, owner and Hugh McIlvain, contractor. On the 24th of May 1869 the college petitioned the court for a rule to show cause why the claim should not be proceeded in, in accordance with the 23d section of the Act of June 16th 1836, Pamph. L. 701, Purd. 713, pl. 33. On the 27th of December 1869 the rule was made absolute. Same day the plaintiff moved to strike off the lien as filed by him, which was denied, and the court directed that the plaintiff shall, within twenty days, file a statement of his claim; the defendant in fifteen days thereafter shall plead, and the case go on the trial list at February Term 1870.

The plaintiff, January 17th 1870, took a certiorari from the Supreme Court.

On the 5th of February 1870, a rule was granted in the Supreme Court to show cause why the certiorari should not be quashed, and the record remanded for further proceedings.

*A. L. Smith,* for rule.

*W. Ward,* contrà.

The opinion of the court was delivered, March 10th 1870, by

AGNEW, J.—The 23d section of the Act of 16th June 1836, relating to mechanics' liens, was intended to furnish the owner of the building against which a claim has been filed the means of compelling the claimant to establish his lien or of blotting it from the record. So long as the claim remains of record for the sum which the claimant chooses to place there as an encumbrance on the owner's title, it restrains alienation, and affects his credit. There may be no actual lien, or the debt may have been paid, or largely reduced; and yet the whole claim may be permitted to stand for an indefinite time, without a scire facias issued upon it. Therefore the 23d section provides that the owner may apply by petition to the court to compel the claimant to proceed on his claim, and on the return of the rule the case may proceed as if a scire facias had been issued, served and returned. The owner is evidently an actor in the proceeding and is entitled to a trial to determine whether his property shall remain charged with the claim. To permit the claimant to suffer a nonsuit, or to go out of court without the payment of the costs he has put upon the owner, would evidently defeat the purpose of the 23d section in one case, and do injustice to the owner in the other.

In this case on the same day and after the claimant had been ordered to proceed on his claim according to the 23d section, the claimant moved to strike off the lien filed by him. At the same time the defendant's attorney agreed that the plaintiff might amend his claim in any respect that he deemed it to be imperfect,

[Seabrook *v.* Swarthmore College.]

and at any time within twenty days.   The court then refused the motion to strike off, and this refusal is the subject of this certiorari. It does not appear that the plaintiff made any offer to pay the costs he had put upon the case.   Whether this was the reason, or some other equally good, why the court refused leave to strike off the lien, we are not informed.   It certainly was sufficient.   The matter was, under the circumstances, one of discretion.   The consequence of this refusal to strike off is that the case is still pending in the court below without a final judgment, and the certiorari must be quashed.

Writ quashed.