## Warrington, Appellant, *v.* Brooklyn Trust Co.

*Equity—Jurisdiction—Remedy at law—Ejectment—Evidence—
Bill quia timet—Acts of March 8, 1889, P. L. 10, and April 16,
1903, P. L. 212.*

1. A bill in equity cannot be sustained where plaintiff has a full,
complete and adequate remedy at law.

2. The Act of March 8, 1889, P. L. 10, as amended by the Act of
April 16, 1903, P. L. 212, provides a full, complete and adequate
remedy at law to one in possession of real estate, to which another
claims title or in which he or she has an apparent interest; and
hence a bill quia timet will not lie in cases to which these acts can
be applied.

3. Where a plaintiff brings an action of ejectment, because com-
pelled so to do by proceedings under these acts, he cannot after-
wards discontinue it or suffer a nonsuit.

4. All the evidence which could formerly have been introduced on the hearing of a bill quia timet, is admissible in an action of ejectment brought because of proceedings under these acts.

Argued March 27, 1922.   Appeal, No. 340, Jan. T., 1922, by plaintiff, from decree of C. P. No. 1, Phila. Co., Dec. T., 1920, No. 5688, dismissing bill in equity, in case of Mary T. Warrington v. Brooklyn Trust Co., Trustee for Mary E. Young et al., under will of Mary E. Brown, deceased.   Before MOSCHZISKER, C. J., FRAZER, WALL-ING, SIMPSON and SADLER, JJ.   Affirmed.

Bill in equity to quiet title.   Before PATTERSON, J.
The opinion of the Supreme Court states the facts.
Bill dismissed.   Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*I. G. Gordon Forster,* with him *Rowland C. Evans* and *Abraham Wernick,* for appellant.

*Henry A. Hoefler,* for appellee, was not heard.

OPINION BY MR. JUSTICE SIMPSON, April 17, 1922:

By the will of Mary E. Brown, who died September 14, 1919, she devised the properties 1208, 1210 and 1212 South Carlisle Street in the City of Philadelphia to plaintiff, and gave the residue of her estate to the Brooklyn Trust Company, one of the defendants, in trust for the other defendants for life, with remainders over, not necessary to be here considered.   Testatrix was not then and never had been owner of the property 1208 South Carlisle Street, but she did own 1204, 1210 and 1212 South Carlisle Street.   Evidently under the impression that the devise to her was of the last-named properties, plaintiff entered into possession thereof and has so continued until the present time.   Subsequently, however, she filed a bill in equity alleging the above facts and also

that the intention of testatrix was to devise to her, plaintiff, 1204 South Carlisle Street and not 1208 South Carlisle Street, which was mistakenly inserted through an error of the draughtsman of the will, and prayed the court to remove the cloud upon her title to 1204 South Carlisle Street; the case was tried, the bill was dismissed upon the ground that plaintiff had a full, complete and adequate remedy at law, and she thereupon appealed.

We think the decree is right. Section 1 of the Act of March 8, 1889, P. L. 10, as amended by the Act of April 16, 1903, P. L. 212, provides "That whenever any person not being in possession [of real estate] shall claim or have an apparent interest in or title" to it, the party in possession may apply "to the court of common pleas of the proper county, whereupon a rule shall be granted upon said person not in possession to bring his or her action of ejectment within six months from the service of such rule upon him or her, or show cause why the same cannot be so brought," and further specifies how service of the rule may be made upon the party not in possession, whether found in or out of the Commonwealth. Section 2 of the act provides that if the person so served "shall fail to appear and show cause why such action cannot be brought within six months after such service, it shall be the duty of the court to enter judgment against the person served, and make the rule absolute, which judgment shall be final and conclusive between the parties, their heirs and assigns; and thereafter no action of ejectment for the recovery thereof shall be brought by such person claiming an interest in or title to such real estate, or any person claiming by, from or under such person."

Under these statutes, if the respondents in the petition, being duly served, do not bring an action of ejectment in accordance with the exigency of the rule, the court is required to enter a judgment which will forever end the controversy. If they do begin it, they cannot afterwards discontinue it, or suffer a nonsuit, (Seabrook v. Swarthmore College, 65 Pa. 74; Vansant v. Boileau, 1 Binney

444, 448; Walter v. Streeper, 2 Miles 348; Notley's Petition, 263 Pa. 377, 385-6), for this legislation is intended to "provide a speedy and complete remedy for one in possession of land, claiming title thereto, to obtain a final judgment as to the validity of his title against an adverse claimant" (Cambria Iron Co. v. Leidy, 226 Pa. 122, 129; Clark v. Clark, 255 Pa. 573, 578); and hence anything less than such a judgment will not give a petitioner the relief to which he is entitled, as the actor forcing the issue. If this plaintiff proceeds in accordance with those acts, then on the trial of the action begun by these defendants, she can offer all the evidence permissible under this bill in equity; if believed by the jury, and of a character and weight sufficient to cause the trial judge to sustain the verdict, when acting, as he does in this class of cases, as a chancellor, the judgment entered thereon will be conclusive upon defendants herein, and no other action can be brought by them or any one claiming under or through them, because of the Act of May 8, 1901, P. L. 142.

In every aspect of the matter, therefore, the Acts of 1889 and 1903 give to appellant a "full, complete and adequate remedy" at law, and hence equity has no jurisdiction to grant the relief sought: Metzgar v. McCoy, 105 Fed. Rep. 676.

The decree of the court below is affirmed, without prejudice to her right to proceed at law, and the appeal is dismissed at the cost of appellant.