## Noll v. Hamil

*Richard Neff,* for plaintiffs.

*Robert L. Orr,* for defendants.

KLEIN, *J.,* July 22, 1975—We have before us plaintiffs' motion for judgment on the pleadings in an action to quiet title brought under and pursuant to Pa. R.C.P. 1061, et seq.

Plaintiffs' complaint alleges that they are in sole and exclusive possession of the premises (a tract of land containing 144 acres, 60 perches, strict measure) and that they and their predecessors have so possessed these lands by cultivation and inclosure for more than 21 years. Title by deed and inheritance is also averred as to a portion of the tract. The potential claim of defendants results from an apparent superior record chain of title as to 62 acres, 28 perches.

The answer on behalf of defendants sets forth an in haec verba denial of possession by plaintiffs. Such a denial is insufficient, and constitutes an admission that plaintiffs are in possession and that defendants are not: Hoffman v. Bozitsko, 198 Pa. Superior Ct. 553, 182 A.2d 113 (1962).

Certainly, a party must know, or be able to

determine, whether he is in possession of a tract of land. This would apply as well to a party who is a personal representative of a decedent's estate. Likewise, a party may determine who is in possession of real estate or be able to relate what reasonable, diligent inquiry was made which failed to provide such information to furnish a basis for a sufficient "no knowledge" denial and requirement of proof. Still further, the Rules of Civil Procedure provide discovery procedures to aid in the preparation of pleadings. See Pa. R.C.P. 4007. All of the foregoing makes an in haec verba denial or an effortless "no knowledge" denial insufficient in these circumstances.

For these reasons, we make the following

## ORDER

And now, July 22, 1975, after argument, it is ordered that unless defendants, or one of them, commence an action of ejectment within 30 days of the date of this order, they will be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of plaintiffs set forth in their complaint.

The premises being all that certain piece, parcel or tract of land situate in the Township of Hanover, Beaver County, Pa., and being more particularly bounded and described as follows:

\*     \*     \*     \*     \*

If such action is not taken within the 30-day period, the prothonotary on praecipe of plaintiff shall enter final judgment.