**RIVERWATCH CONDOMINIUM OWNERS ASSOCIATION,**
Appellant

v.

**RESTORATION DEVELOPMENT CORPORATION, Delaware County Recorder of Deeds, Delaware County Board of Assessment.**

Commonwealth Court of Pennsylvania.

Argued June 14, 2007.

Decided Aug. 23, 2007.

Robert C. Ewing, Media, for appellant.

Blair H. Granger, Paoli, for appellee.

BEFORE: COLINS, Judge, and McGINLEY, Judge, (P.), and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Riverwatch Condominium Owners Association (Association) appeals the order of the Court of Common Pleas of Delaware County (trial court) denying the Association's motion for reconsideration of the trial court's order of October 12, 2006 granting the summary judgment motion of Restoration Development Corporation (Restoration), and affirming Restoration's title to a disputed two-acre parcel of property. We vacate and remand.

By deed dated May 4, 1988, Genevieve Caldwell, Executrix of the Estate of Daniel Henuber conveyed a 3.1593–acre parcel of property bordering the Delaware River in Tinicum Township, Delaware County to Riverfront, Inc. (Riverfront). The parcel was purchased for $400,000.00, and the deed was recorded on May 6, 1988 with the Delaware County Office of the Recorder (Recorder) at Volume 570, Page 985. Supplemental Reproduced Record (SRR) at 64b–67b.

On March 6, 1991, a Site Plan for the Phase I development of the parcel was recorded with the Recorder at Plan Volume 17, Page 80. Reproduced Record (RR) at 62a. The Site Plan shows the construction of 34 units on a 1.089–acre parcel (one-acre parcel) of the property and it is designated as "Phase I". *Id.* The Site Plan shows the adjoining 2.0703–acre parcel (two-acre parcel) for use as parking and boat slips and it is designated as "Phase II". *Id.* In addition, the Site Plan shows access across a portion of the one-acre parcel to the parking on the two-acre parcel. *Id.*

On August 1, 1995, a new "Site Plan of Condominium of Riverwatch" was drafted showing the 34–unit development of the one-acre parcel as shown in the recorded Site Plan. SRR at 130b. The new Site Plan designated the two-acre parcel as "Future Development Riverwatch II Condominium". *Id.* This new Site Plan was never recorded with the Recorder.

On September 12, 1995, Riverfront filed a Declaration of Condominium (Declaration) with the Recorder at Volume 1398, Page 1178. RR at 10a–55a. The Declaration was signed by Anthony Grosso as president of Riverfront. *Id.* at 54a. Section 1.1 of the Declaration states the following, in pertinent part:

> [D]eclarant hereby submits Phase I of the Property to the provisions of the Pennsylvania Uniform Condominium Act

[PUCA [1],] thereby creating a condominium, which is to be known as RIVERWATCH CONDOMINIUM.... The Property will be developed in two Phases on a portion of a larger property.... The balance of the larger tract shall initially be organized as a separate condominium known as Riverwatch II Condominium. This property ... is flexible real estate ... which may be added to the Condominium under certain conditions set forth herein.... Phase II is Convertible Real Estate as that term is defined in the [PUCA]....

*Id.* at 10a.

Section 1.2 of the Declaration states the "[t]he Property consists of a total area of approximately 1.080 acres more or less as shown on the Plats and Plans...." *Id.* *See also* Exhibit A of the Declaration which contains a metes and bounds description of a parcel and states that the Property is "**CONTAINING** 1.089 Acres of land more or less ...", and Exhibit D which contains a metes and bounds description of a parcel and states that the Flexible Real Estate is "**CONTAINING** 2.0703 acres of land more or less." *Id.* at 11a, 14a.

Section 4.1 of the Declaration states that "[t]he Common Elements consist of the entire Property, including all parts of the Buildings, other than the Units above described." *Id.* at 25a. In addition, Section 7.1(b) states that, in addition to the easements specifically granted by the PUCA, "[e]asements for driveways through the Condominium as shown on the

Plats and Plans ..." were reserved to Riverfront. *Id.* at 30a. Furthermore, Section 7.1(n) states that "[a]ll easements, rights and restrictions described and mentioned in this Declaration are easements appurtenant, running with the land and the improvements thereon...." *Id.* at 33a.

Finally, Article XV of the Declaration deals with the "convertible" and "flexible" real estate. *Id.* at 50a–52a. Section 15.1 states, in pertinent part:

Declarant reserves the right to build one (1) additional Building and to create Units and Limited Common Elements in the area designated "Convertible Real Estate" on the Plats and Plans ("Exhibit D" [2]). The Building in the Convertible Real Estate will be built in one (1) Phase and will contain twenty (20) Units....

*Id.* at 50a. Section 15.4 states that "[t]he Buildings in all Phases shall be completed within seven (7) years after the recording of this Declaration. All options reserved in Sections 15.1, 15.2 and 15.3 hereof shall lapse seven (7) years from the date this Declaration is recorded." *Id.*

By a deed dated December 17, 1997, Riverfront conveyed the two-acre parcel of the property constituting "Riverwatch II Condominium" as shown in the unrecorded Site Plan to Riverfront Marina, Inc. for the sum of $75,000.00. SRR at 115b–118b. The deed was recorded with the Recorder on February 5, 1998 at Volume 1678, Page 346. *Id.* As a result of the conveyance, the two-acre parcel was issued a separate Folio Number from the one-acre parcel, No.

---

1. 68 Pa.C.S. §§ 3101–3414.

2. As noted above, Exhibit D contains a metes and bounds description of a parcel and states that the Flexible Real Estate is "**CONTAINING** 2.0703 acres of land more or less." RR at 14a. However, Section 15.7 of the Declaration contains the legal description of the "convertible real estate" and states that "[t]he

Flexible Real Estate is described in Exhibit 'C'." *Id.* at 51a. In turn, Exhibit C contains a metes and bounds description of a parcel and states that it is "**CONTAINING** 0.5293 Acres of Land more or less ..." and that it is "**BEING** Phase II as shown on said Plan." *Id.* at 13a.

45–00–01775–00, by the Delaware County Board of Assessment (Board) for the payment of the property taxes due thereon. *Id.* at 125b–126b.

By deed dated November 4, 1999, Riverfront Marina conveyed the two-acre parcel of the property to Restoration for the sum of $65,000.00. *Id.* at 120b–123b. The deed was recorded with the Recorder on November 10, 1999 at Volume 1949, Page 2131. *Id.*

In September of 2004, Restoration submitted a Land Development Plan to Tinicum Township requesting to develop the two-acre parcel with a 52–slip marina, eight condominiums and an appurtenant structure. The Land Development Plan indicated that access to the two-acre parcel would be across a portion of the one-acre parcel.

On April 15, 2005, the Association filed an amended complaint in the trial court against Restoration, the Recorder and the Board. RR at 56a–61a. In Count One of the complaint, the Association instituted an action to quiet title against Restoration in which it asked the trial court to declare that it is the true and lawful owner of the two-acre parcel. In support of this action, the Association specifically alleged, *inter alia,* that it was in possession of the disputed two-acre parcel. *See* RR at 57a, 58a.

In Count Two of the complaint, the Association instituted an action in ejectment against Restoration in which it asked the trial court to prevent Restoration's continuing trespass on the two-acre parcel. In support of this action, the Association alleged, *inter alia,* that Restoration has continued to trespass on the two-acre parcel. *See Id.* at 59a.

In Count Three of the complaint, the Association instituted an action to quiet title against Restoration in which it asked the trial court to declare that Restoration has no interest across the one-acre parcel to gain access to the two-acre parcel. In support of this action, the Association again alleged that it was in possession of the two-acre parcel. *See Id.* at 60a.

In Count Four of the complaint, the Association instituted an action in mandamus against the Recorder in which it asked the trial court to compel the Recorder to rescind the deed of record which purports to convey ownership of the two-acre parcel to Restoration. Likewise, in Count Five of the complaint, the Association instituted an action in mandamus against the Board in which it asked the trial court to compel the Board to eliminate the separate tax folio number that it issued for the two-acre parcel.

On May 6, 2005, the Recorder and the Board filed an answer to the complaint. On October 27, 2005, Restoration filed an answer, new matter and counterclaim to the complaint. In its answer, new matter and counterclaim, Restoration specifically denied that the Association was in possession of the two-acre parcel. *See* SRR at 35b, 37b, 38b–39b, 40b, 42b, 46b, 49b. On November 22, 2005, the Association filed a reply to the new matter and counterclaim.

On September 6, 2006, Restoration filed a motion for summary judgment, and a memorandum in support, in the trial court. On September 21, 2006, the Association filed a reply to the motion for summary judgment, and a memorandum in support, in the trial court. On October 12, 2006, the trial court issued the following order:

> AND NOW, this *12th* day of *OCT, 2006,* upon consideration of the within Motion for Summary Judgment of Defendant [Restoration], and any response thereto, it is hereby ORDERED that Defendant's Motion for Summary Judgment is GRANTED and Defendant [Restoration]'s title to the two-acre par-

cel, described more specifically in the deed of record identifying Defendant [Restoration] as the grantee, is affirmed along with Defendant [Restoration]'s right of access to said parcel.

RR at 5a.

On October 18, 2006, the Association filed a motion for reconsideration, and a brief in support, in the trial court. On October 24, 2006, the trial court issued an order granting the Association's motion for reconsideration, and directing that oral argument on the motion be held on Novem-

ber 28, 2006. Following oral argument, on November 29, 2006, the trial court issued an order denying reconsideration of its order of October 12, 2006. The Association then filed the instant appeal of the trial court's order.[3,4]

In this appeal, the Association claims: (1) the trial court erred in granting summary judgment because the disputed parcel was actually conveyed to the Association by the Declaration of Condominium; (2) the trial court erred in granting sum-

---

3. On March 19, 2007, Restoration filed an application in this Court to quash the appeal on the basis that the appeal was untimely as it was filed on December 5, 2006, and that it was beyond 30 days after the trial court's order of October 12, 2006 granting summary judgment. However, on March 20, 2006, this Court issued an order denying the application to quash the appeal because "[i]t appearing that reconsideration was timely and expressly granted [by the trial court], ... therefore the appeal from the subsequent order denying the requested relief is timely...."

4. The trial court stated the following in the opinion filed in support of its order:

The primary issue presented is whether the two acre parcel is a separately owned parcel over which condominium owners have no rights or whether that parcel is part of the common area of the condominium. [The Association] contends that the two acre parcel had previously been conveyed by operation of law to [the Association] by means of the Declaration of Condominium. However, the Declaration indicates that the declarant is the owner in fee simple of the property described in Exhibit "A" which is attached to the Declaration. Exhibit "A" sets forth a legal metes and bounds description of the property as containing 1.089 acres of land more or less. The Declaration references the two acre parcel subsequently conveyed to defendant, Restoration, and identifies it as "flexible real estate" indicating that it was to be organized as a separate condominium known as Riverwatch II Condominium.

＊ ＊ ＊

The [Association] argues that the two acre parcel was never formally subdivided from the larger three plus acre parcel. While the two acre parcel may never have been subdivided from the condominium parcel through the township, this does not preclude the property from being divided in fact. In *Guido v. Township of Sandy*, [584 Pa. 93, 880 A.2d 1220 (2005)] the Supreme Court, while rejecting that a "division in fact" had occurred in that case such that the property would be considered subdivided, nonetheless suggested that under different circumstances, with the definition in [Section 107 of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10107] for subdivision including the language "by any means", a conclusion could be required that a property was de facto subdivided, even if not a governmentally recognized subdivision, such that a portion of the property could be conveyed without subdivision approval. The court further stated that whether or not a property requires subdivision approval is solely a land use issue with no effect on whether the grantee owns legal title.

This court concluded that a de facto subdivision had occurred; defendant, [Restoration], is the owner of the two acre parcel; and the two acre parcel is not part of the common ground of the condominium owned by [the Association]. For these reasons this court granted defendant's Motion for Summary Judgment.

RR at 8a–9a.

mary judgment because there are genuine issues of material fact regarding ambiguities in the Declaration of Condominium; and (3) the trial court erred in granting a Restoration a right of access over the Association's property to the disputed parcel.

█ However, our review of the certified record reveals that the trial court erred in granting summary judgment as there is a genuine issue of a material fact affecting the jurisdiction of the trial court in this matter. As a result, we are compelled to vacate the trial court's order granting summary judgment, and to remand this case for further proceedings.[5]

█ It is well settled that this Court's scope of review of a trial court's grant of summary judgment is limited to determining whether the court made an error of law or abused its discretion. *East Lampeter Township v. County of Lancaster*, 744 A.2d 359 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 564 Pa. 698, 764 A.2d 51 (2000). A trial court may grant summary judgment only where the pleadings, depositions, answers to interrogatories, admissions and affidavits demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. *Id.*

As noted above, the Association filed an amended complaint in which it instituted actions to quiet title against Restoration in which it was specifically alleged, *inter alia*, that the Association was in possession of the disputed two-acre parcel. *See* RR at 57a, 58a, 60a. In the amended complaint, the Association also instituted an action in ejectment against Restoration in which it was alleged, *inter alia*, that Restoration has continued to trespass on the two-acre parcel. *See Id.* at 59a. In addition, Restoration filed an answer, new matter and counterclaim to the complaint in which it specifically denied that the Association was in possession of the two-acre parcel. *See* SRR at 35b, 37b, 38b–39b, 40b, 42b, 46b, 49b.[6] Thus, the material fact of the possession of the relevant parcel is in dispute in this case, thereby precluding the grant of summary judgment. *See, e.g., Moody v. Allegheny Valley Land Trust*, 930 A.2d 505 (Pa.Super.2007) (Genuine issues of material fact existed as to whether a railroad conveyed its right-of-way to a rails-to-trails organization thereby precluding the grant of summary judgment in the servient property owners' action seeking a declaratory judgment that the railroad had abandoned its right-of-way.).[7]

█ Moreover, the factual determination of which of the parties is in actual

---

5. It is well settled that questions of jurisdiction can never be waived, and they may be raised at any time by the parties or *sua sponte* by an appellate court. *Vanderlin v. City Council of the City of Williamsport*, 821 A.2d 1287 (Pa.Cmwlth.2003).

6. Clearly, Restoration was required to specifically deny the Association's possession of the parcel because its failure to do so could constitute an admission of that fact. *See, e.g., Noll v. Hamil*, 72 Pa. D. & C.2d 177 (1975) ("[T]he answer on behalf of defendants set forth an *in hœc verba* denial of possession by the plaintiffs. Such a denial is insufficient, and constitutes an admission that plaintiffs are in possession and that defendants are not:

*Hoffman v. Bozitsko*, [182 A.2d 113 (Pa.Super.1962)].").

7. That is not to say, however, that summary judgment is never an appropriate disposition of a matter such as the instant case. *See, e.g., Mostoller v. Pile*, 10 Pa. D. & C.3d 371, 372 (1977), *aff'd*, 259 Pa.Super. 631, 393 A.2d 1294 (1978) ("Since the parties here have stipulated to and offered various deeds and official records outside the pleadings, we will consider the motions before us as cross motions for summary judgment. Summary judgment may be rendered in favor of either party, even against the 'moving party'. We agree with the parties that summary judgment is an appropriate disposition of this quiet title action.") (citations and footnote omitted).

possession of the relevant parcel would establish which type of action, i.e., an action to quiet title or an action in ejectment, over which the trial court possesses jurisdiction. Rule 1601(b)(1) of the Pennsylvania Rules of Civil Procedure provides that an action to quiet title "[m]ay be brought ... to compel an adverse party to commence an action of ejectment [8] ...." Pa. R.C.P. No. 1061(b)(1). In turn, Rule 1601(b)(2) provides, in pertinent part, that such an action may also be brought "[w]here an action in ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity ... of any document, obligation or deed affecting any right, lien, title or interest in land...." Pa.R.C.P. No. 1061(b)(2).

▮▮▮ The Pennsylvania Supreme Court has recently considered the interplay of these two provisions where, as here, both an action to quiet title and an action in ejectment were initiated and the possession of the relevant parcel is in dispute. As the Supreme Court noted:

> [E]jectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession. *Soffer v. Beech*, 487 Pa. 255, 409 A.2d 337 (1979); 22 Standard Pennsylvania Practice 2d § 120:1. Pursuant to Rule 1061(b)(1), "[a] possessor of land is entitled to bring an action against one who, although not in possession, has some claim of interest in the land, compelling that person to assert his or her interest by bringing an action in ejectment, or be forever barred from attacking the title of the possessor." 22 Standard Pennsylvania Practice 2d § 120:143. A party will file a Rule 1061(b)(2) Action to Quiet Title when she is not in possession, does

not have the right to possess the land, and wishes to determine all rights in the land. 22 Standard Pennsylvania Practice 2d § 120:145. "The purpose of an ejectment action as opposed to quiet title is not to determine the relative and respective rights of all potential title holders, but rather the immediate rights between plaintiff and defendant involved in that particular litigation." *Burnett v. Mueller*, 48 Pa. D. & C.2d 165, 171–172 (1969); 22 Standard Pennsylvania Practice 2d § 120:2.

\* \* \*

▮▮▮ When a plaintiff requests an Order to compel an adverse party to bring an Action in Ejectment, "[t]he existence of possession on the part of the [plaintiff] at the time of the institution of the proceeding is an essential jurisdictional fact." *Girard Trust Company v. Dixon*, 335 Pa. 253[, 256], 6 A.2d 813, 814 (1939) (construing 12 P.S. § 1543, the predecessor to Rule 1061(b)(1)). Where there is a dispute regarding possession, the trial court cannot proceed to the merits of the action without first determining whether the plaintiff is in possession. *Hemphill v. Ralston*, 278 Pa. 432, 123 A. 459 (1924); *accord Warrington v. Brooklyn Trust Co.*, 274 Pa. 80, 117 A. 672 (1922). Thus, clearly, possession is a jurisdictional prerequisite for Rule 1061(b)(1).

Likewise, the court must rule upon possession before entertaining an Action to Quiet Title filed under Rule 1061(b)(2).

> Possession of the land in dispute is the condition upon which an issue may be asked for under [12 P.S. § 1545][, the predecessor to Rule

---

8. It should be noted that Rule 1051 of the Rules of Civil Procedure states "[e]xcept as otherwise provided in this chapter, the procedure in the action of ejectment shall be in accordance with the rules relating to a civil action." Pa.R.C.P. No. 1051.

1061(b)(2),] to have title settled. Jurisdictional averment of possession must appear in the petition, and the issue is to be granted only if, upon the hearing of the rule to show cause why it should not be granted, it shall appear to the court that the facts set forth in such petition are true. As there must be possession to give the court its purely statutory jurisdiction, it cannot acquire jurisdiction where there is a mere contest, however substantial as to the fact of possession in the petitioner. In such a case the remedy is still trespass or ejectment under the common law.

*Mildren v. Nye,* 240 Pa. 72[, 78], 87 A. 607, 609 (1913) (internal quotation omitted).

We have held that the issue of possession is inextricably linked to jurisdiction in an Action in Ejectment. In *Brennan* [*v. Shore Brothers, Inc.,* 380 Pa. 283, 110 A.2d 401 (1955) ], this Court held that, where an Action in Ejectment would lie, an action filed pursuant to 1061(b)(2) would not be proper. "Ejectment is a possessory action only, and can succeed only if the plaintiff is out of possession, and if he has a present right to immediate possession." [*Id.* at 285,] 110 A.2d at 402; *accord Bruker v. Burgess and Town Council of Borough of Carlisle,* 376 Pa. 330, 102 A.2d 418 (1954). Likewise, where the plaintiff is not in possession and an Action in Ejectment brought by the defendant will not lie, a(b)(2) action would be appropriate. *Grossman v. Hill,* 384 Pa. 590, 122 A.2d 69 (1956). Taken together, *Brennan* and *Grossman* stand for the proposition that a court can only entertain a(b)(2) claim where it first determines that the plaintiff is not in possession. Accordingly, a determination of possession is a jurisdictional prerequisite to a ruling on the merits pursuant to either (b)(1) or (b)(2).

The sole remaining question in this regard is whether filing one's claim pursuant to both Rule 1061(b)(1) and Rule 1601(b)(2) obviates the necessity of first determining who possesses the property. The Appellees argue that (b)(1) requires that [the Appellant] has possession and (b)(2) requires that she does not. Therefore, they contend that a ruling on possession is not necessary because, whether or not [the Appellant] has possession, the court can rule on the Action to Quiet Title. The Superior Court agreed, concluding that (b)(1) and (b)(2) are exclusive alternative remedies. We disagree.

A trial court cannot rule on an Action to Quiet Title where the plaintiff requests it to compel a person claiming title to the land to bring an Action in Ejectment. *Hemphill, supra; Warrington, supra.* As we concluded in *Brennan,* if an Action in Ejectment will lie, then proceeding pursuant to Rule 1061(b)(2) is improper. Thus, if a plaintiff requests relief pursuant to both (b)(1) and (b)(2), a court cannot properly address the (b)(2) claim without first determining whether, under (b)(1), a Rule 1051 Action in Ejectment will lie. The Superior Court adopted this interpretation in *Plauchak v. Boling,* [653 A.2d 671 (Pa.Super.1995)]. "It is procedurally improper to simultaneously commence both an action in ejectment and an action to quiet title regarding the same parcel of real estate." *Id.* at 674. "Permitting an out-of-possession plaintiff to maintain an action to quiet title is impermissible because it constitutes an enlargement of the plaintiff's substantive rights as defined by statute, and thus exceeds the court's jurisdiction to proceed." *Id. citing Sutton* [*v. Miller,* 405 Pa.Super. 213, 592 A.2d 83, 88–89 (1991) ].

When an Action in Ejectment is maintained in conjunction with an Action to Quiet Title, the proper course of action is for the trial court to proceed solely on the Action in Ejectment. *See Moore v. Duran,* [455 Pa.Super 124, 687 A.2d 822, 827 (1996) ], *appeal denied,* 549 Pa. 703, 700 A.2d 442 (1997). *See also Sutton, supra* (if an Action in Ejectment is brought pursuant to Rule 1061(b)(1) and the trial court determines that such action will not lie, the court may *sua sponte* amend the pleadings to conform to the requirements of an action filed pursuant to (b)(2)). This interpretation is consistent with the jurisprudence of our Court. *See Hemphill, supra, Warrington, supra,* and *Brennan, supra.* Contrary to Appellees' argument, "[p]arties, even by consent, cannot confer jurisdiction where such is in fact lacking." *Commonwealth ex rel. Ransom Township v. Mascheska,* 429 Pa. 168[, 170], 239 A.2d 386, 387 (1968).

Thus, the trial court in the case *sub judice* should have first determined which party had actual possession of the disputed parcel at the time [the Appellant] filed her Complaint. If the trial court concluded that [the Appellant] was not in possession, she would have had the opportunity to either file an Action in Ejectment or allow the court to entertain her (b)(2) Action to Quiet Title. If [the Appellant] was in possession of the disputed property, an Action in Ejectment would lie, and, pursuant to (b)(2), and Action to Quiet Title would not be proper. Under the latter scenario, (b)(1) would control, requiring the trial court to compel the Appellees to commence an Action in Ejectment or lose all right, lien, title, or interest in the land. If [the Appellant] or the Appellees had filed an Action in Ejectment, either party would have been entitled to ask for a jury trial. . . .

*Siskos v. Britz,* 567 Pa. 689, 699, 700–703, 790 A.2d 1000, 1008–1009 (2002).

Based on the foregoing, it is clear that the trial court erred in granting Restoration's motion for summary judgment, and denying the Association's motion for summary judgment, where, as here, the fact of the possession of the relevant parcel of property is in dispute. Moreover, and more importantly, in such a situation, the trial court is required to make the initial determination of which party is in possession of the property because "[a] determination of possession is a jurisdictional prerequisite to a ruling on the merits pursuant to either [Rule 1061](b)(1) or (b)(2)." *Id.* at 701, 790 A.2d at 1008. Thus, the trial court's order in the case *sub judice* must be vacated, and the matter must be remanded to the trial court to proceed in accordance with the dictates of the Pennsylvania Supreme Court as set forth in *Sisko.*

Accordingly, the order of the trial court is vacated, and the case is remanded for proceedings consistent with this opinion.

## ORDER

AND NOW, this 23rd day of August, 2007, the order of the Court of Common Pleas of Delaware County, dated November 29, 2006 at No. 05–002019 is VACATED, and the case is REMANDED to the Court of Common Pleas of Delaware County for proceedings consistent with the foregoing opinion.

Jurisdiction is RELINQUISHED.